# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**MASS HAULING CORPORATION,**
**Plaintiff**

**v.**

**07-76 C**
**Docket No.**

FILED
JAN 30 2007
U.S. COURT OF
FEDERAL CLAIMS

**UNITED STATES of AMERICA**
**DEPARTMENT OF VETERAN'S AFFAIRS,**
**Defendant**

## COMPLAINT

This case involves an award of a contract by the Defendant, United States of America, Department of Veteran's Affairs (hereinafter "the VA") to the Plaintiff, Mass Hauling Corporation (hereinafter "MHC") for a Firm Fixed Price Requirements contract for the provision of all labor, materials, tools, transport, travel, equipment and supervision to conduct waste disposal and removal (hereinafter "the Contract") from the Department of Veteran's Affairs facilities located at 150 South Huntington Avenue, Boston, Massachusetts (hereinafter "the Facility").

Following the successful bid by MHC for the waste disposal and removal services for the Facility, D.B.I. Waste Systems, Inc. (hereinafter "DBI") filed a bid protest with the General Accounting Office (hereinafter "the GAO") pursuant to 4 C.F.R. §21.0 et seq. DBI filed its bid protest alleging that MHC's successful bid was non-responsive and incomplete. After careful consideration, the GAO dismissed the bid protest as it did not establish a basis for challenging the agency's action. DBI then sought to have the matter reconsidered by the GAO. The GAO upheld its prior decision that the bid protest did not establish a basis for challenging the agency's action. DBI then filed a bid protest with this honorable Court, Docket No. 04 CV 00713. That matter was ultimately dismissed by agreement.

During the pendency of DBI's bid protest, the award of the Contract was stayed pursuant to 31 U.S.C. §3553(c)(1). However, once the bid protest action was resolved, MHC should have been allowed to perform under the Contract. Despite the demands made by MHC, the VA has failed and refused to allow MHC to perform under the contract. On October 4, 2006, MHC demanded an agency response from Norbert Cebulla, the Contracting Officer. On or about November 30, 2006, the VA requested until January 4, 2007 to respond to MHC's demand. To date, the VA has failed and refused to file an agency response within the time allowed under the Contract Disputes Act, 41 U.S.C. §601, et seq. The VA has failed and refused to terminate the contract for convenience and has failed and refused to allow MHC to perform under the Contract. MHC is filing the within action as a result of the action of the VA.

PARTIES

1. The Plaintiff, Mass Hauling Corporation, (hereinafter "MHC") is a corporation duly organized under the laws of the Commonwealth of Massachusetts with a principal place of business located at 200 Libbey Industrial Parkway, East Weymouth, Massachusetts.

2. The Defendant, United States of America, Department of Veteran's Affairs, (hereinafter "the VA"), is an agency of the United States Government empowered to enter into contracts on behalf of the United States of America and subject to Laws and Regulations with a healthcare facility located at 150 South Huntington Avenue, Boston, Massachusetts. The Contracting Officer for the Contract at issue is Norbert J. Cebula.

## JURISDICTION

3. This Court has jurisdiction over the claims raised in the within Complaint pursuant to The Tucker Act, 28 U.S.C. §1491, and the Contract Disputes Act, 41 U.S.C. §§601 et seq.

## FACTS

4. The VA invited bids for a Firm Fixed Price Requirements contract under Solicitation No. IFB523-120-03 for the provision of all labor, materials, tools, transport, travel, equipment and supervision to conduct waste disposal and removal from the VA facilities located in Jamaica Plain (the Facility), West Roxbury and Brockton, Massachusetts.

5. The terms of the solicitation were for an initial period of October 1, 2003 through September 30, 2004 with the four years immediately following the base period as option years.

6. The Solicitation for contracts for waste removal called for base and option year prices to be inserted in the schedule for one, two or all three of the facilities of the VA Boston Healthcare System. MHC submitted offers on the West Roxbury and Jamaica Plain sites and was awarded the contract for the Jamaica Plain site (the Facility).

7. MHC offered a price of $146,994.00 for each of the five years of the Contract for the Jamaica Plain site.

8. The total amount of MHC's bid for the five year period amounted to $734,970.00.

9. By Memorandum dated November 24, 2003, the VA announced that MHC had been awarded the Contract.

10. Beginning on December 4, 2003, D.B.I. Waste Systems, Inc. (hereinafter "DBI") filed a bid protest with the General Accounting Office pursuant to 4 C.F.R. §21.0 et seq.

11. DBI claimed that MHC's bid was non-responsive and deficient and, as such, should not have been awarded. MHC's offer was the lowest of the bids and DBI's offer was the second lowest.

12. The GAO reviewed the protest and issued its decision on December 10, 2003.

13. The GAO dismissed the bid protest filed by DBI and stated that the bid protest did not establish a basis for challenging the agency's action.

14. DBI then filed a Reconsideration of Dismissal of Bid Protest of that decision on or about December 20, 2003.

15. After careful consideration, the appeal was also denied by the GAO.

16. Following the decisions by the GAO on its bid protests, DBI filed its claim in the United States Court of Federal Claims on or about April 22, 2004.

17. On or about October 28, 2004, DBI and the VA settled the action filed in the United States Court of Federal Claims.

18. The award of the contract pending the bid protest and appeal period was stayed pursuant to 31 U.S.C. §3553(c)(1).

19. To date, MHC has not been allowed to provide waste disposal and removal services pursuant to the Contract despite the fact that the decision by the GAO dismissed the protest by DBI in December 2003.

20. The VA has failed and refused to provide any explanation as to why it has not allowed MHC to perform under the Contract which was awarded to MHC.

21. The VA has failed and refused to terminate the Contract awarded to MHC.

22. On or about October 4, 2006, MHC sent a demand to the VA for an agency response to its obligations arising under the Contract.

23. On or about October 4, 2006, MHC also demanded to be allowed to perform pursuant to the Contract.

24. On or about November 30, 2006, the VA responded that it would require until January 4, 2007 to evaluate the claims asserted by MHC.

25. To date, the VA has failed and refused to provide any explanation as to why it has not allowed MHC to perform under the Contract which was awarded to MHC.

26. The VA has failed and refused to terminate the Contract awarded to MHC.

27. To date, the VA has failed and refused to allow MHC to perform pursuant to the Contract.

## COUNT I
## BREACH OF CONTRACT

28. The Plaintiff reincorporates each and every preceding paragraph as if specifically set forth herein.

29. The VA invited bids for a Firm Fixed Price Requirements contract under Solicitation No. IFB523-120-03 for the provision of all labor, materials, tools, transport, travel, equipment and supervision to conduct waste disposal and removal from the VA facilities located in Jamaica Plain, West Roxbury and Brockton, Massachusetts.

30. The terms of the solicitation were for an initial period of October 1, 2003 through September 30, 2004 with the four years immediately following the base period as option years.

31. The Solicitation for contracts for waste removal called for base and option year prices to be inserted in the schedule for one, two or all three of the facilities of the VA Boston Healthcare System. MHC submitted offers on the West Roxbury and Jamaica Plain sites and was awarded the contract for the Jamaica Plain site.

32. MHC offered a price of $146,994.00 for each of the five years of the Contract for the Jamaica Plain site.

33. The total amount of MHC's bid for the five year period amounted to $734,970.00.

34. By Memorandum dated November 24, 2003, the VA announced that MHC had been awarded the Contract.

35. Beginning on December 4, 2003, DBI filed a bid protest with the General Accounting Office pursuant to 4 C.F.R. §21.0 et seq.

36. DBI claimed that MHC's bid was non-responsive and deficient and, as such, should not have been awarded. MHC's offer was the lowest of the bids and DBI's offer was the second lowest.

37. The GAO reviewed the protest and issued its decision on December 10, 2003.

38. The GAO dismissed the bid protest filed by DBI and stated that the bid protest did not establish a basis for challenging the agency's action.

39. DBI then filed a Reconsideration of Dismissal of Bid Protest of that decision on or about December 20, 2003.

40. After careful consideration, the appeal was also denied by the GAO.

41. Following the decisions by the GAO on its bid protests, DBI filed its claim in the United States Court of Federal Claims on or about April 22, 2004.

42. On or about October 28, 2004, DBI and the VA settled the action filed in the United States Court of Federal Claims.

43. The award of the contract pending the bid protest and appeal period was stayed pursuant to 31 U.S.C. §3553(c)(1).

44. Once DBI's bid protest action was completed, MHC should have been allowed to perform under the Contract.

45. On information and belief, the VA continues to use DBI as the provider for waste disposal and removal services.

46. On or about October 4, 2006, MHC sent a demand to the VA for its obligations under the award of the Contract.

47. On or about October 4, 2006, MHC also demanded to be allowed to perform pursuant to the Contract.

48. On or about November 30, 2006, the VA responded that it would require until January 4, 2007 to evaluate the claims asserted by MHC.

49. The VA has failed and refused to provide any explanation as to why it has not allowed MHC to perform under the Contract which was awarded to MHC.

50. The VA has failed and refused to terminate the Contract awarded to MHC.

51. To date, the VA has failed and refused to allow MHC to perform pursuant to the Contract.

52. MHC has been harmed by the actions of the VA.

<u>COUNT II</u>
WRONGFUL SUSPENSION OF CONTRACT

53. The Plaintiff reincorporates each and every preceding paragraph as if specifically set forth herein.

54. The VA invited bids for a Firm Fixed Price Requirements contract under Solicitation No. IFB523-120-03 for the provision of all labor, materials, tools, transport, travel, equipment and supervision to conduct waste disposal and removal from the VA facilities located in Jamaica Plain, West Roxbury and Brockton, Massachusetts.

55. The terms of the solicitation were for an initial period of October 1, 2003 through September 30, 2004 with the four years immediately following the base period as option years.

56. The Solicitation for contracts for waste removal called for base and option year prices to be inserted in the schedule for one, two or all three of the facilities of the VA Boston Healthcare System. MHC submitted offers on the West Roxbury and Jamaica Plain sites and was awarded the contract for the Jamaica Plain site.

57. MHC offered a price of $146,994.00 for each of the five years of the Contract for the Jamaica Plain site.

58. The total amount of MHC's bid for the five year period amounted to $734,970.00.

59. By Memorandum dated November 24, 2003, the VA announced that MHC had been awarded the Contract.

60. Beginning on December 4, 2003, DBI filed a bid protest with the General Accounting Office pursuant to 4 C.F.R. §21.0 et seq.

61. DBI claimed that MHC's bid was non-responsive and deficient and, as such, should not have been awarded. MHC's offer was the lowest of the bids and DBI's offer was the second lowest.

62. The GAO reviewed the protest and issued its decision on December 10, 2003.

63. The GAO dismissed the bid protest filed by DBI and stated that the bid protest did not establish a basis for challenging the agency's action.

64. DBI then filed a Reconsideration of Dismissal of Bid Protest of that decision on or about December 20, 2003.

65. After careful consideration, the appeal was also denied by the GAO.

66. Following the decisions by the GAO on its bid protests, DBI filed its claim in the United States Court of Federal Claims on or about April 22, 2004.

67. The award of the contract pending the bid protest and appeal period was stayed pursuant to 31 U.S.C. §3553(c)(1).

68. On or about October 28, 2004, DBI and the VA settled the action filed in the United States Court of Federal Claims.

69. On information and belief, the VA continues to use DBI as the provider for waste disposal and removal services.

70. Once DBI's bid protest action was completed, MHC should have been allowed to perform under the Contract.

71. On or about October 4, 2006, MHC sent a demand to the VA for its obligations under the award of the Contract.

72. On or about October 4, 2006, MHC also demanded to be allowed to perform pursuant to the Contract.

73. On or about November 30, 2006, the VA responded that it would require until January 4, 2007 to evaluate the claims asserted by MHC.

74. To date, MHC has not received any response from the VA regarding its obligations under the Contract.

75. To date, the VA has failed and refused to terminate the Contract for convenience.

76. To date, the VA has failed and refused to allow MHC to perform pursuant to the Contract.

77. The VA has failed and refused to provide any explanation as to why it has not allowed MHC to perform under the Contract which was awarded to MHC.

78. The VA has wrongfully suspended the performance under the Contract awarded to MHC.

79. MHC has been harmed by the wrongful suspension of the Contract.

## COUNT III
## BREACH OF IMPLED COVENANT OF GOOD FAITH AND FAIR DEALING

80. The Plaintiff reincorporates each and every preceding paragraph as if specifically set forth herein.

81. The VA invited bids for a Firm Fixed Price Requirements contract under Solicitation No. IFB523-120-03 for the provision of all labor, materials, tools, transport, travel, equipment and supervision to conduct waste disposal and removal from the VA facilities located in Jamaica Plain, West Roxbury and Brockton, Massachusetts.

82. The terms of the solicitation were for an initial period of October 1, 2003 through September 30, 2004 with the four years immediately following the base period as option years.

83. The Solicitation for contracts for waste removal called for base and option year prices to be inserted in the schedule for one, two or all three of the facilities of the VA Boston Healthcare System. MHC submitted offers on the West Roxbury and Jamaica Plain sites and was awarded the contract for the Jamaica Plain site.

84. MHC offered a price of $146,994.00 for each of the five years of the Contract for the Jamaica Plain site.

85. The total amount of MHC's bid for the five year period amounted to $734,970.00.

86. By Memorandum dated November 24, 2003, the VA announced that MHC had been awarded the Contract.

87. Once DBI's bid protest action was completed, MHC should have been allowed to perform under the Contract.

88. On or about October 4, 2006, MHC sent a demand to the VA for its obligations under the award of the Contract.

89. On or about October 4, 2006, MHC also demanded to be allowed to perform pursuant to the Contract.

90. On or about November 30, 2006, the VA responded that it would require until January 4, 2007 to evaluate the claims asserted by MHC.

91. To date, MHC has not received any response from the VA regarding its obligations under the Contract.

92. To date, the VA has failed and refused to terminate the Contract for convenience.

93. To date, the VA has failed and refused to allow MHC to perform pursuant to the Contract.

94. The VA has failed and refused to provide any explanation as to why it has not allowed MHC to perform under the Contract which was awarded to MHC.

95. The VA owed a duty to MHC to cooperate in allowing MHC to perform under the Contract.

96. MHC was ready, willing and able to perform under the Contract at all times relevant hereto.

97. The VA breached its duty by failing and refusing to allow MHC to perform under the Contract awarded to MHC.

98. By reason on the VA's breach of its duty to cooperate, MHC has been harmed.

## COUNT IV
## ARBITRARY AND CAPRICIOUS SUSPENSION OF CONTRACT

99. The Plaintiff reincorporates each and every preceding paragraph as if specifically set forth herein.

100. The VA invited bids for a Firm Fixed Price Requirements contract under Solicitation No. IFB523-120-03 for the provision of all labor, materials, tools, transport, travel, equipment and supervision to conduct waste disposal and removal from the VA facilities located in Jamaica Plain, West Roxbury and Brockton, Massachusetts.

101. The terms of the solicitation were for an initial period of October 1, 2003 through September 30, 2004 with the four years immediately following the base period as option years.

102. The Solicitation for contracts for waste removal called for base and option year prices to be inserted in the schedule for one, two or all three of the facilities of the VA Boston Healthcare System. MHC submitted offers on the West Roxbury and Jamaica Plain sites and was awarded the contract for the Jamaica Plain site.

103. MHC offered a price of $146,994.00 for each of the five years of the Contract for the Jamaica Plain site.

104. The total amount of MHC's bid for the five year period amounted to $734,970.00.

105. By Memorandum dated November 24, 2003, the VA announced that MHC had been awarded the Contract.

106. Beginning on December 4, 2003, D.B.I. Waste Systems, Inc. (hereinafter "DBI") filed a bid protest with the General Accounting Office pursuant to 4 C.F.R. §21.0 et seq.

107. DBI claimed that MHC's bid was non-responsive and deficient and, as such, should not have been awarded. MHC's offer was the lowest of the bids and DBI's offer was the second lowest.

108. The GAO reviewed the protest and issued its decision on December 10, 2003.

109. The GAO dismissed the bid protest filed by DBI and stated that the protest did not establish a basis for challenging the agency's action.

110. DBI then filed a Reconsideration of Dismissal of Bid Protest of that decision on or about December 20, 2003.

111. After careful consideration, the appeal was also denied by the GAO.

112. Following the decisions by the GAO on its bid protests, DBI filed its claim in the United States Court of Federal Claims on or about April 22, 2004.

113. The award of the contract pending the bid protest and appeal period was stayed pursuant to 31 U.S.C. §3553(c)(1).

114. On or about October 28, 2004, DBI and the VA settled the action filed in the United States Court of Federal Claims.

115. On information and belief, the VA continues to use DBI as the provider for waste disposal and removal services.

116. Once DBI's bid protest action was completed, MHC should have been allowed to perform under the Contract.

117. On or about October 4, 2006, MHC sent a demand to the VA for its obligations under the award of the Contract.

118. On or about October 4, 2006, MHC also demanded to be allowed to perform pursuant to the Contract.

119. On or about November 30, 2006, the VA responded that it would require until January 4, 2007 to evaluate the claims asserted by MHC.

120. To date, MHC has not received any response from the VA regarding its obligations under the Contract.

121. To date, the VA has failed and refused to terminate the Contract for convenience.

122. To date, MHC has not been allowed to perform under the Contract.

123. The VA has failed and refused to provide any explanation as to why it has not allowed MHC to perform under the Contract which was awarded to MHC after an open and competitive solicitation.

124. The VA has wrongfully suspended the performance under the Contract awarded to MHC.

125. The wrongful suspension of the Contract awarded to MHC is an arbitrary and capricious decision made by the VA.

126. MHC has been harmed by the wrongful suspension of the Contract.

## COUNT V
## DECLARATORY RELIEF

127. The Plaintiff reincorporates each and every preceding paragraph as if specifically set forth herein.

128. The VA invited bids for a Firm Fixed Price Requirements contract under Solicitation No. IFB523-120-03 for the provision of all labor, materials, tools, transport, travel, equipment and supervision to conduct waste disposal and removal from the VA facilities located in Jamaica Plain, West Roxbury and Brockton, Massachusetts.

129. The terms of the solicitation were for an initial period of October 1, 2003 through September 30, 2004 with the four years immediately following the base period as option years.

130. The Solicitation for contracts for waste removal called for base and option year prices to be inserted in the schedule for one, two or all three of the facilities of the VA Boston Healthcare System. MHC submitted offers on the West Roxbury and Jamaica Plain sites and was awarded the contract for the Jamaica Plain site.

131. MHC offered a price of $146,994.00 for each of the five years of the Contract for the Jamaica Plain site.

132. The total amount of MHC's bid for the five year period amounted to $734,970.00.

133. By Memorandum dated November 24, 2003, the VA announced that MHC had been awarded the Contract.

134. To date, MHC has not been allowed to provide waste disposal and removal services pursuant to the Contract despite the fact that the decision by the GAO dismissed the protest by DBI in December 2003.

135. The VA has failed and refused to provide any explanation as to why it has not allowed MHC to perform under the Contract which was awarded to MHC.

136. The VA has failed and refused to terminate the Contract awarded to MHC.

137. On or about October 4, 2006, MHC demanded to be allowed to perform pursuant to the Contract.

138. To date, the VA has failed and refused to allow MHC to perform pursuant to the Contract.

139. MHC has been harmed by the actions of the VA.

140. MHC seeks a declaration judgment by this Court interpreting MHC's exclusive rights under the Contract, that it has been rightfully awarded the Contract, that the actions of the VA have been arbitrary and capricious and that, as a result of the actions of the VA, MHC has been harmed will be in the best interest of MHC, the Government and the public at large regarding the overriding public interest in the integrity of the procurement process.

WHEREFORE, the Plaintiff demands judgment against the Defendant as follows:

a. for all lost profits over the entire length of the contract in the amount of $244,990.00;
b. costs;
c. interest;
d. attorney fees;
e. a declaration that Mass Hauling Corporation has been lawfully awarded the contract for the provision of all labor, materials, tools, transport, travel, equipment and supervision to conduct waste disposal and removal from the VA facilities located at 150 South Huntington Avenue, Boston, Massachusetts; and
f. such other relief as the Court may deem just and proper.

The Plaintiff
**MASS HAULING CORPORATION,**

By its attorney

Carlo Cellai, Esq.
CELLAI LAW OFFICES, P.C.
355 Congress Street, Suite 2B
Boston, MA 02110
Telephone: (617) 367-2199
Facsimile: (617) 367-2075