IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MASS HAULING CORP. | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-76C |
| | ) | (Judge Baskir) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to paragraph 4 of the Court's August 17, 2006 Special Procedures Order, and Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff and defendant respectfully submit the following joint preliminary status report:

(a) Jurisdiction

The Defendant is currently unaware of any basis upon which to challenge the Court's jurisdiction.

(b) Consolidation

The parties agree that this case should not be consolidated with any other case.

(c) Bifurcation

The parties agree that bifurcation is not appropriate in this case.

(d) Deferral

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

(e) Remand/Suspension

The parties do not at this time intend to seek remand or suspension.

(f) Joinder

The parties agree that no additional parties will be joined.

(g) Dispositive Motions

Defendant intends to file a motion to dismiss or, in the alternative, motion for summary judgment 30 days after the parties' Preliminary Status Conference with the Court. Defendant intends to rely upon the factual and legal bases outlined in defendant's section contained in paragraph (h) below.

(h) Relevant Factual and Legal Issues

The parties have identified the following legal and factual issues:

(1) Whether, having been awarded a contract; never having performed pursuant to the contract; and having

that contract terminated for convenience, plaintiff Mass Hauling Corporation ("Mass Hauling") is permitted to state a claim for lost profits for the "entire length of the contract";

(2) Whether, having been awarded a contract; never having performed pursuant to the contract; and having that contract terminated for convenience, Mass Hauling is permitted to state a claim for declaratory relief stating that the "contract has been awarded to Mass Hauling."

(h)(1) Plaintiff's Additional Statement of Facts and Legal Issues

The Department of Veterans Affairs (hereinafter "the VA") invited bid for a Firm Fixed Price Requirements contract under Solicitation No. IFB523-120-03 for the provision of all labor, materials, tools, transport, travel, equipment and supervision to conduct waste disposal and removal from the VA facilities located in Jamaica Plain, West Roxbury and Brockton, Massachusetts. The terms of the solicitation were for an initial period of October 1, 2003 through September 30, 2004 with the four years immediately following the base period as option years. Mass Hauling submitted offers on the

West Roxbury and Jamaica Plain sites and was awarded the contract for the Jamaica Plain site. Mass Hauling offered a price of $146,994.00 for each of the five years of the contract for the Jamaica Plain site. The total amount of the Mass Hauling's bid for the five year period amounted to $734,970.00. On November 23, 2003, the VA, through Memorandum awarded MHC the Contract. (Please see VA's Memorandum located in the Appendix as Exhibit A).

Shortly after the VA awarded the contract to Mass Hauling, D.B.I. Waste Systems, Inc (hereinafter "DBI") filed a bid protest with the General Accounting Office pursuant to 4 C.F.R. §21.0, et seq. The General Accounting Office reviewed the protest and issued its decision on December 10, 2003. DBI then filed a Reconsideration of Dismissal of Bid Protest of that decision on or about December 20, 2003, which was also denied by the General Accounting Office. DBI then filed its claim in the United States Court of Federal Claims on or about April 22, 2004. The action was settled between the VA and DBI on or about October 28, 2004.

Mass Hauling was not allowed to provide waste disposal and removal services pursuant to the Contract despite the fact that the decision by the General Accounting Office ("GAO") dismissed the

protest by DBI in December of 2003. Further, the VA failed at anytime to provide an explanation to Mass Hauling as to why they were not able to perform under the awarded contract. On or about January 30, 2007, the Plaintiff initiated this litigation in the United States Court of Federal Claims asserting claims against the VA for Breach of Contract, Wrongful Suspension of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, Arbitrary and Capricious Suspension of Contract and Declaratory Relief. The VA on August 20, 2007 finally sent to Mass Hauling a Termination for Convenience, close to three years prior to the VA's breach. The VA took some three years from their settlement with DBI to terminate the Mass Hauling contract. Further, the VA took some three years to provide an explanation to Mass Hauling as to why they were not able to perform under the awarded contract.

Mass Hauling states that Under the Competition in Contracting Act, 31 U.S.C. §3551, et seq., the contracting officer is required to withhold an award of a contract while there is a protest pending before the General Accounting Office. Any such stay only remains in effect while the protest is pending. 31 U.S.C. §3553(c)(1). Mass Hauling states that the stay should have only remained while the

protest was pending, and once the protest was dismissed and DBI filed suit, Mass Hauling should have been allowed to perform under the contract.

(h)(2) Defendant's Additional Statement of Facts and Legal Issues

(1) On November 24, 2003, Mass Hauling was awarded a contract to provide waste disposal and removal services for Department of Veteran's Affairs' ("VA" or "agency") facilities located in Boston, Massachusetts. The incumbent contractor, DBI, filed a bid protest with the GAO on or about December 10, 2003. The GAO dismissed the protest. DBI then filed a bid protest in this Court (Case No. 04-00713) on or about April 22, 2004. See Verified Complaint of D.B.I. Waste Systems, Inc. (No. 04-713C) attached hereto as Ex. B to the Appendix. Mass Hauling intervened. The bid award was stayed pending DBI's protest. DBI principally alleged that Mass Hauling failed to provide the Government with required certifications and representations in its response to the invitation for bids.

(2) DBI and the agency settled the action resulting in DBI being awarded the contested contract, and on or about October 28, 2004, this Court issued an order for dismissal. The Court's order

noted that Mass Hauling's "award was still in place," but the Court declined to retain the case on the docket. See October 28, 2004 Order For Dismissal of DBI's Bid Protest Claim at 1 attached hereto as Ex. C to the Appendix, October 28, 2004 Order at 1. ("Whatever rights Mass. Hauling has in the future, we hold that it may not force plaintiff and defendant to litigate the complaint currently pending.")

(3) Although the agency did not formally issue a notice of termination for convenience to Mass Hauling until August 20, 2007, DBI has performed pursuant to the contract since October 28, 2004. Mass Hauling never filed a bid protest in response to the contract being awarded to D.B.I. Moreover, Mass Hauling has never performed any work pursuant to the contract it was awarded on November 24, 2003.

(4) Instead, Mass Hauling filed a complaint in the above-captioned matter on or about January 30, 2007. Mass Hauling alleges: "Once DBI's bid protest was completed, [Mass Hauling] should have been allowed to perform under the Contract." Compl. at ¶ 44. Mass Hauling seeks "lost profits over the entire length of the contract" and "a declaration that Mass Hauling has been lawfully awarded the contract. . . . " Compl. at 17.

(5) Mass Hauling is not entitled to either prayer for relief. The contract contains a termination for convenience clause which does not permit the recovery of lost profits in this case. That clause states in pertinent part that "the Contractor shall be paid a percentage of the contract price reflecting the percentage of the work performed prior to the notice of termination, plus reasonable charges the contractor can demonstrate to the satisfaction of the Government using its standard record keeping, have resulted from the termination." See Invitation for Bid 523-120-03 at 72 attached hereto as Ex. D to the Appendix. Moreover, it is well settled that a plaintiff that never starts performance and incurs no costs of performance is not entitled to damages such as anticipated profits. See e.g. G.C. Casebolt Co. v. United States, 421 F.2d 710, 713 (1970). Here, Mass Hauling neither alleges nor can allege that it performed any work prior to the notice of termination for convenience. Accordingly, Mass Hauling cannot claim lost profits or any other damages.

(6) Mass Hauling's prayer for declaratory relief is moot. Mass Hauling was awarded the contract. Mass Hauling, however, never performed pursuant to the contract, and the agency

terminated Mass Hauling's contract for convenience. Even if the Court issued a declaratory judgment that Mass Hauling "has been lawfully awarded the contract," that judgment would not change the fact that Mass Hauling has never performed the contract. Mass Hauling's failure to perform pursuant to the contract, as well as the agency decision to issue a termination for convenience, renders the previous contract award moot.

(i) <u>Settlement</u>

The parties have discussed settlement, and the parties have participated in an alternative dispute resolution ("ADR") conference with the Honorable Eric Bruggink on August 6 and 20, 2007. Judge Bruggink did not believe that further ADR would be appropriate in this case.

(j) <u>Trial</u>

If the parties are unable to resolve the matter through dispositive motions or through settlement and a trial is necessary to decide this case, the parties propose that the trial be held four to six months after the Court shall have ruled upon such motions. At this time, the parties anticipate that a trial would last approximately three days. The parties request that the trial be conducted in Boston, MA.

(k) Electronic Case Management

The parties are unaware if any special issues regarding electronic case management needs at this time.

(l) Additional Information

The parties are available for a preliminary status hearing on the following dates: October 11 or 12, 2007 or during the morning of October 24, 2007.

(m) Discovery Plan

| | |
|---|---|
| Exchange of Initial Disclosures | December 15, 2007 |
| Close of Fact Discovery | June 30, 2008 |

Appendix

(A) November 23, 2003 Memorandum from the VA awarding the contract to Mass Hauling.

(B) Verified Complaint of D.B.I. Waste Systems, Inc. (No. 04-713C);

(C) October 28, 2004 Order For Dismissal of D.B.I.'s Bid Protest Claim;

(D) Excerpts from Invitation for Bid 523-120-03.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ David M. Hibey
DAVID M. HIBEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 307-0163
Fax: (202) 514-8624

Attorneys for Defendant

/s Carlo Cellai
Carlo Cellai, Esq.
CELLAI LAW OFFICES, P.C.
355 Congress Street
Suite 2B
Boston, MA 02110
Tel: (617) 367-2199
Fax: (617)367-2075
Attorneys for the Plaintiff

September 17, 2007

CERTIFICATE OF FILING

I hereby certify that on this 17th[t] day of September 2007, a copy of the foregoing "Joint Preliminary Status Report" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David M. Hibey