# Appendix

# Exhibit A

DEPARTMENT OF VETERANS AFFAIRS

November 24, 2003

Memorandum for File

In Reply Refer To:

PRICE EVALUATION: IFB 523-120-03, Solid Waste Pick-up and Disposal, Boston Healthcare System, Jamaica
Plain, West Roxbury and Brockton

Jamaica Plain

As shown on the attached, Mass Hauling submitted the low price of $734,970..00 This price is within $6.00 per year of the second low price submitted by DBI Waste Systems and is within $6.00 per year of the Independent Government Estimate. The award will be made to Mass Hauling

West Roxbury

As shown on the attached, Waste Solutions submitted the low price of $438,628.00. This price is within 4% of the second low and the third low prices submitted. The low price is within 10% of the Independent Government Estimate. The low price of $438,628.00 is approximately 20% lower than the average price of $525,000.00 of the 6 other prices submitted. The award will be made to Waste Solutions

Brockton

As shown on the attached, the low price was submitted by BFI. This price is less than 3% of the price submitted by the second low price. The low price is 8% lower than the Independent Government Estimate. The low price of $831,079 is approximately 12% lower than the average price of $935,600 of the 5 other offers. The award will be made to BFI

Norbert J. Cebula
Contracting Officer

IFB523-120-03
SOLID WASTE PICKUP AND DISPOSAL
PRICE EVALUATION

| VENDOR | BASE YEAR | OPTION #1 | OPTION #2 | OPTION #3 | OPTION #4 | GRAND TOTAL |
|---|---|---|---|---|---|---|
| WEST ROXBURY | | | | | | |
| INDEPENDENT GOVERNMENT ESTIMATE | $97,000.00 | $97,000.00 | $97,000.00 | $97,000.00 | $97,000.00 | $485,000.00 |
| CAPITOL WASTE | $102,112.00 | $102,112.00 | $107,215.00 | $107,215.00 | $110,426.00 | $529,080.00 |
| CASSELA WASTE | $111,788.24 | $115,014.46 | $118,338.04 | $121,767.96 | $125,377.02 | $592,285.72 |
| BFI | $116,006.64 | $120,316.10 | $124,882.30 | $129,664.68 | $134,683.00 | $625,552.72 |
| DBI WASTE SYSTEMS | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| MASS HAULING | $87,408.00 | $91,752.00 | $91,752.00 | $91,752.00 | $91,752.00 | $454,416.00 |
| WASTE MANAGEMENT | $85,824.00 | $88,248.00 | $90,823.20 | $93,389.00 | $96,418.00 | $454,702.20 |
| WASTE SOLUTIONS | $85,396.00 | $85,396.00 | $88,100.00 | $88,100.00 | $91,636.00 | $438,628.00 |

1. THE INDEPENDENT GOVERNMENT ESTIMATE WAS BASED ON THE LAST OPTION YEAR PRICE OF THE PREVIOUS CONTRACT

2. THE PRICE SUBMITTED BY CAPITOL WASTE WAS FOUND TO BE MATHEMATICALLY INCORRECT UNIT PRICES FOR OPTION YEAR #1 (0036) WAS CALCULATED INCORRECT. HOWEVER, THIS DID NOT CHANGE OPTION YEAR #1 TOTAL.

3. THE PRICE SUBMITTED BY CASSELA W/ IS MATHEMATICALLY CORRECT

4. THE PRICE SUBMITTED BY BFI WAS FOUND TO BE MATHEMATICALLY CORRECT

5. DBI WASTE SYSTEMS DID NOT SUBMITT A PRICE FOR WEST ROXBURY

6. THE PRICE SUBMITTED BY MASS HAULING WAS FOUND TO BE MATHEMATICALLLY CORRECT.

7. THE PRICE SUBMITTED BY WASTE MANAGEMENT WAS FOUND TO BE MATHEMATICALLY CORRECT

8. THE PRICE SUBMITTED BY WASTE SOLUTIONS WAS FOUND TO BE MATHEMATICALLY CORRECT

| VENDOR | YEAR | #1 | #2 | #3 | #4 | TOTAL |
|---|---|---|---|---|---|---|
| **BROCKTON** | | | | | | |
| INDEPENT GOVERNMENT ESTIMATE | $185,000.00 | $185,000.00 | $185,000.00 | $185,000.00 | $185,000.00 | $925,000.00 |
| CAPITOL WASTE | $194,000.00 | $194,000.00 | $203,697.00 | $203,697.00 | $209,976.00 | $1,005,370.00 |
| CASSELA WASTE | $176,277.26 | $182,058.28 | $187,504.80 | $193,121.66 | $198,806.08 | $937,768.08 |
| BFI | $157,420.50 | $157,430.50 | $163,219.82 | $171,360.18 | $180,654.00 | $851,079.00 |
| DBI WASTE SYSTEMS | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| MASS HAULING | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| WASTE MANAGEMENT | $180,252.34 | $185,176.28 | $190,353.62 | $195,835.22 | $201,493.78 | $953,111.24 |
| WASTE SOLUTIONS | $163,694.00 | $163,694.00 | $173,838.00 | $173,838.00 | $181,590.00 | $856,654.00 |

1. THE INDEPENDENT GOVERNMENT ESTIMATE WAS BASED ON THE LAST OPTION PRICE OF THE PREVIOUS CONTRACT

2. THE PRICE SUBMITTED BY **CAPITOL WASTE** WAS FOUND TO BE MATHEMATICALLY CORRECT

3. THE PRICE SUBMITTED BY **CASSELA WASTE** WAS FOUNE TO BE MATHEMATICALLY CORRECT

4. THE PRICE SUBMITTED BY **BFI** WAS FOUND TO BE MATHEMATICALLY CORRECT EXCEPT FOR $1.60 MISTAKE

5. **DBI WASTE SYSTEMS** DID NOT SUBMITT A PRICE FOR BROCKTON

6. **MASS HAULING** DID NOT SUBMITT A PRICE FOR BROCKTON

7. THE PRICE SUBMITTED BY **WASTE MANAGEMENT** WAS FOUND TO BE MATHEMATICALLY CORRECT EXC EXCEPT FOR A $200.00 MISTAKE.

8. THE PRICE SUBMITTED BY **WASTE SOLUTIONS** WAS FOUND TO BE MATHEMATICALLY CORRECT

# Exhibit B

UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| D.B.I. WASTE SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br>DEPARTMENT OF VETERANS AFFAIRS;<br>MASS HAULING AND RECYCLING; and<br>UNITED STATES GENERAL ACCOUNTING OFFICE [GAO]<br><br>Defendants. | C. A. No.: |

**VERIFIED COMPLAINT**[1]

Plaintiff D.B.I. Waste Systems, Inc. ("DBI"), by its undersigned counsel, brings this civil action against Defendant United States of America, Department of Veterans Affairs (the "VA") and Defendant Mass Hauling and Recycling ("MHR")[2] in which it seeks an order from this Court enjoining the VA from awarding a contract to MHR for the pick-up and removal of solid waste materials from the VA facility 150 Huntington Avenue located in Boston, Massachusetts and enjoining MHR from performing any work under that contract.[3]

[1] This Verified Complaint is sworn to by the (3) three people at DBI who collectively have the knowledge of the facts contained herein and its attorney, Attorney Spencer Demetros.

[2] Copies of the Exhibits attached hereto were previously provided the parties as referred to in the Service List ("Certificates of Service") attached hereto as indicated "without Exhibits."

[3] DBI hereby incorporates by reference Exhibits A to P attached hereto.

## THE PARTIES

1. DBI is a corporation organized under the laws of Massachusetts with its principal place of business located at 378 Third Street in Everett, Massachusetts.

2. The VA is an agency of the United States Government empowered to enter into contracts on behalf of the United States of America and subject to Law and Regulations with a healthcare facility located at 150 South Huntington Avenue in Boston, Massachusetts (the "Facility").

3. On information and belief, MHR is a Massachusetts company with its principal place of business located at 200 Libbey Industrial Parkway in East Weymouth, Massachusetts.

4. The GAO is a political subdivision of the United States of America empowered *inter alia* to hold adjudicatory proceedings involving Bid Disputes.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the issues raised in this Complaint pursuant to 28 U.S.C. § 1491(b).

6. Venue in this Eastern District of the United States District Court for the District of Massachusetts is proper pursuant to 28 U.S.C. § 1391(e), as the VA is an agency of the United States government, DBI resides in this District, and no real property is involved in the action.

## PERTINENT FACTS
### (Procedural History)

7. Pursuant to Solicitation Number: IFB523-120-03 (the "Solicitation"), the VA invited bids on a contract for the provision of all labor, materials, tools, transport, travel, equipment and supervision to conduct pick-up and removal of solid waste materials from the Facility for the base period of October 1, 2003 through September 30, 2004, with the four years immediately following the base period as option years (the "Contract"). Exhibit H-3

8. Since 1994, DBI has been successfully providing the precise service contemplated by the Contract, namely the removal of solid waste materials from the Facility. Exhibit D, final two pages.

9. DBI is currently performing those services to the Facility, though work under the Contract bid was to have commenced October 1, 2003 pursuant to VA and GAO regulations involving Bid Dispute.

10. DBI duly submitted its bid submission ("DBI's Offer and/or Bid") in response to the Solicitation September 29, 2003, at 2:00 PM. Exhibit H-5

11. MHR submitted its bid ("MHR's Offer and/or Bid"), as did nine (9) other bidders. Ten (10) bidders in total made bids on the three facilities, each bidder making an offer on any combination of the three facilities, listed in the Solicitation. Each bid was some one hundred (100) pages. Exhibit H-4.

12. As part of its Offer, DBI included a provision that the VA would receive a 2% discount on the total due each month for prompt payment within 30 days of each billing month, which discount DBI has given the VA since 1994, even in months when the VA's payment was made more than 30 days after the due date. DBI understands that discounts can not be taken into consideration in computing the price bid pursuant to Federal Regulation but states this fact is in the Public Interest. The United States Government has saved some $51,852,19.00 since 1994 in its contract with DBI. Exhibit H-5

13. DBI also included with its Offer a memorandum that contractually guaranteed its prices, stating: "ALL FLAT RATE PRICES ARE FIRM AND FIXED FOR THE BASE PERIOD AND ALL OPTION YEARS" and that "THERE WILL NEVER BE AN INCREASE OF ANY KIND TO THE V.A. THROUGHOUT THE TERM OF THIS CONTRACT, EVEN IF

DUMPING FEES ARE INCREASED FOR [DBI]." MHR did not. Exhibits H-4 and H-5.

14. On September 29, 2003, the Contracting Officer for the VA opened the bids. At the bid opening, the Contracting Officer did not award the Contract to any of the bidders.

15. A representative of DBI, Ernie Diorio, delivered DBI's offer at the bid opening on behalf of DBI. The Contracting Officer did not award the contract to any bidder at the opening. After the bids were opened, the Contracting Officer did not say which bidder would be awarded the contract but as nearly as can be determined that MHR was the "apparent low bidder." DBI did not receive a copy of MHR's bid at the Bid Opening.

16. By Memorandum dated November 24, 2003, received November 25, 2003, the VA announced that MHR would be awarded the Contract, noting that MHR had submitted the apparent low price of $734,970.00, which was $6.00 less than "the second low price" submitted by DBI. For each of the five potential contract years, MHR offered a price of $146,994.00, whereas DBI offered an annual price of $147,000.00. Exhibit A

17. DBI timely filed a bid protest (the "Protest") with the General Accounting Office (the "GAO") on December 4, 2003, which was within ten (10) days of the receipt, November 25, 2003, by DBI of the November 24, 2003 Memorandum stating award of the Contract to MHR. A copy of the Protest is attached hereto as Exhibit B.

18. In the Protest, DBI argued, *inter alia*, that: (1) the six dollar difference between its bid and MHR's represents .004% of DBI's $147,000 annual Contract price and is thus *de minimis*; (2) the analysis of Bid Award should then have turned to the issue of the bidders' past performance, about which DBI submitted information as part of its Offer. MHR did not; and (3) that DBI's continued performance of the work called for by the Contract, which it has been performing since 1994, and its inclusion of a discount would better serve the public interest.

19. The Protest also stated: "DBI believes that Mass Hauling's Offer may have been defective in one or more respects, potentially disqualifying the MHR bid. Exhibit B

20. Prior to and after December 4, 2003, DBI requested from the VA a copy of MHR's Bid, but it was not provided by the VA at that time (see Request for Documents attached hereto as Exhibit G, last two pages).

21. Not having received a copy of the MHR's Bid eight days after its written request, counsel for DBI telephoned the VA on December 12, 2003 and retrieved a copy by messenger later that day.

22. During this time, by decision dated December 10, 2003, received December 11, 2003, by DBI, the GAO dismissed the Protest, *sua sponte*, on the ground that MHR had submitted the lowest bid (the "December 10th Dismissal"). A copy of the December Dismissal is attached hereto as Exhibit C.

23. The VA had not filed any papers nor provided any documentation responsive to DBI's request for documents as of the time of the December 10th Dismissal.

24. On December 20, 2003, DBI timely filed its Request for Reconsideration of the December 10th Dismissal based upon the new information, learned when the VA provided MHR's Bid Document December 12, 2003. This new information concerned defects in the MHR Bid. A copy of the Request for Reconsideration is attached hereto as Exhibit D.

25. A review of MHR's Offer by former counsel for DBI revealed that the bid was inconsistent, confusing, indeterminate and ultimately nonresponsive.

26. Among other material deficiencies, MHR responded to requests for Contract Line Item Numbers alternately with blanks, dashes and zeroes.

27. Under GAO decisions, as well as general principles of contract law, a bid that fails

to include a price for every item required by the invitation for bid must be rejected as nonresponsive, because the omission of prices demonstrates a refusal to be bound legally to provide the services in question. (See attached Memorandum of Law.)

28. On January 8, 2004, the GAO issued an Acknowledgment of Protest, apparently deciding DBI's Request for Reconsideration was a new bid protest. Exhibit E

29. Sometime in February 2004 (the date is unclear because DBI did not receive a copy of the filing until February 17, 2004), the VA submitted a letter in response to DBI's Request for Reconsideration, which apparently was intended to serve as the agency "Report" required by the GAO in bid protests (the "VA Report"). (See Exhibits E, F, and G.) A copy of the VA Report is attached hereto as Exhibit H.

30. The VA Report challenged the timeliness of DBI's claim that MHR's Offer was nonresponsive and discussed the merits of DBI's Request for Reconsideration. (See Exhibits H-1 to H-5.)

31. Not until February 17, 2004, when the VA provided additional documents not seen before by DBI, did DBI first learn that the copy of MHR's Bid that the VA had provided to DBI on December 12, 2003 was different from the Bid as it existed at the time of the bid opening.

32. MHR's Bid as submitted on September 29, 2003, did not have the name or address of the bidder in box 17a of the cover sheet, Standard Form 1449, nor the name of the bidder anywhere else in the bid documents. (See copies of Standard Form 1449 attached hereto.)

33. With the identity of the bidder left blank, MHR's Offer did not identify a party with whom the VA could enter into the contract with or more importantly who had submitted the bid.

34. On February 26, 2004, DBI timely filed its Comments on the VA's Report, noting

this further bid failure among others. A copy of DBI's Comments is attached hereto as Exhibit I.

35. On March 12, 2004, the VA filed a(n) (unsolicited) written response to DBI's Comments on the VA's Report in which the VA admitted for the first time that the Contracting Officer had, in fact, altered MHR's bid subsequent to the bid opening and before the November 24, 2003, award notice, by adding to the bid on behalf of MHR, indicating the identity of MHR with its name and address. (See Exhibit J-1.) Prior to this, nowhere else on the bid documents had MHR been identified as the bidder.

36. On March 22, 2004, DBI filed its response to the VA's March 12, 2004 filing. Exhibit K

37. On March 25, 2004, received by DBI March 31, 2004, the GAO dismissed what it characterized as DBI's protest concerning the nonresponsiveness of MHR's Bid, on the grounds that DBI knew or should have known of any deficiencies in MHR's bid at the time of the bid opening. DBI strongly disagrees with this position and is supported by the appropriate regulations governing the Bid submissions. (See attached hereto Exhibit K)

38. The GAO decision did not address the merits of DBI's claim, that MHR's Offer was nonresponsive and did not enable the VA to enter into a legally enforceable contract as no party was identified by the original Bid as the Offerer. (Exhibit K)

39. There will be no harm to the public during the pendency of this action, as DBI continues to provide the services called for under the Contract per applicable Federal regulations when there is a Bid Dispute. (See Memorandum of Law attached hereto.)

WHEREFORE DBI requests this Honorable Court find MHR's Offer does not permit the VA to enter into a binding contract with MHR; The VA was required to reject MHR's Offer for

its nonresponsiveness; The VA wrongfully awarded the Contract to MHR; The VA award DBI the Contact as the Second lowest and qualified Bidder.

PRAYERS FOR RELIEF

WHEREFORE, DBI respectfully requests that this Honorable Court:

1. Issue a temporary restraining order and preliminary injunction (a) prohibiting the VA from awarding the Contract to MHR, and (b) prohibiting MHR from performing any work under the Contract;

2. After Hearing, issue a permanent injunction prohibiting the VA from awarding the Contract to MHR;

3. Issue an order requiring the VA to award the contract to DBI;

4. Pursuant to applicable Federal Regulations award DBI its costs and attorney's fees incurred in this action; and

5. Award such other and further relief as the Court deems just and proper.

PLAINTIFF
D.B.I. WASTE SYSTEMS, INC.

By its attorney,

April 22, 2004

Attorney David J. Hopwood
(BBO #239680)
Cape Cod Office
27 Sabbatt Road
P.O. Box 3918
Pocasset, MA 02559
Telephone: 508-563-7654
Facsimile: 508-563-7682

MAR-17-2004 WED 05:17 PM Contracting Office FAX NO. 617 264 6521 P. 03

PAGE 1 OF 3

# SOLICITATION/CONTRACT/ORDER FOR COMMERCIAL ITEMS
## OFFEROR TO COMPLETE BLOCKS 12, 17, 23, 24, & 30

1. REQUISITION NO.

BPA NO.

CONTRACT NO.

3. AWARD/EFFECTIVE DATE

4. ORDER NO.

MODIFICATION NO.

5. SOLICITATION NO. IFB523-120-03

6. SOLICITATION ISSUE DATE 8/29/2003

FOR SOLICITATION INFORMATION CALL:

a. NAME NORBERT J. CEBULA

b. TELEPHONE NO. (No Collect Calls) (617)232-9500 EXT 5523

8. OFFER DUE DATE/LOCAL TIME 09/29/2003 2:00 PM

ISSUED BY CODE

DEPARTMENT OF VETERANS AFFAIRS
Boston Healthcare System
150 South Huntington Avenue
Boston, MA 02130

10. THIS ACQUISITION IS
[X] UNRESTRICTED
[ ] SET ASIDE: 0 % FOR
[ ] SMALL BUSINESS
[ ] HUBZONE SMALL BUSINESS
[ ] 8(A)
NAICS: 562111
SIZE STANDARD:

11. DELIVERY FOR FOB DESTINATION UNLESS BLOCK IS MARKED
[ ] SEE SCHEDULE

12. DISCOUNT TERMS N/A

[ ] 13a. THIS CONTRACT IS A RATED ORDER UNDER DPAS (15 CFR 700)

13b. RATING N/A

14. METHOD OF SOLICITATION
[ ] RFQ [X] IFB [ ] RFP

DELIVER TO CODE

DEPARTMENT OF VETERANS AFFAIRS
Boston Healthcare System
150 South Huntington Avenue
Boston, MA 02130

16. ADMINISTERED BY CODE

DEPARTMENT OF VETERANS AFFAIRS
Boston Healthcare System
150 South Huntington
Boston, MA 02130

CONTRACTOR/OFFEROR CODE FACILITY CODE

18a. PAYMENT WILL BE MADE BY CODE

Fiscal (04)
Boston Healthcare System
150 South Huntington Avenue
Boston, MA 02130

TELEPHONE NO.

[ ] 17b. CHECK IF REMITTANCE IS DIFFERENT AND PUT SUCH ADDRESS IN OFFER

18b. SUBMIT INVOICES TO ADDRESS SHOWN IN BLOCK 18a UNLESS BLOCK BELOW IS CHECKED
[ ] SEE ADDENDUM

| 19. ITEM NO. | 20. SCHEDULE OF SUPPLIES/SERVICES | 21. QUANTITY | 22. UNIT | 23. UNIT PRICE | 24. AMOUNT |
|---|---|---|---|---|---|
| | PROVIDE ALL LABOR, MATERIALS, TOOLS, TRANSPORT, TRAVEL, EQUIPMENT AND SUPERVISION TO CONDUCT PICK-UP AND REMOVAL OF SOLID WASTE MATERIALS. SOLID WASTE CONSISTING OF MIXED RUBBISH AND GARBAGE TYPICAL OF INSTITUTIONAL OCCUPANCY EXCLUDING PATHOLOGICAL OR CONTAINMENT WASTE<br><br>SEE ADDENDUM TO SF 1449 FOR QUANTITIES<br><br>THE OFFEROR MAY SUBMIT ONE BID FOR ONE, TWO, OR ALL OF THE FACILITIES. HOWEVER EACH FACILITY THAT THE OFFERER SUBMITTS A BID, THE OFFEROR SHALL SUBMIT A BID FOR THE BASE PERIOD AND ALL OPTION YEARS. AWARD(S) WILL BE BE BASED UPON THE AGGREGATE PRICE OF THE BASE PERIOD AND OPTION YEARS FOR EACH FACILITY<br><br>BID WILL BE PUBLICALLY OPENED AT 2:00 PM AT BOSTON HEALTHCARE, JAMACIA PLAIN IN THE CONFERENCE ROOM 10TH FLOOR | | | | |

25. ACCOUNTING AND APPROPRIATION DATA

26. TOTAL AWARD AMOUNT (For Govt. Use Only)

[X] 27a. SOLICITATION INCORPORATES BY REFERENCE FAR 52.212-1, 52.212-4. FAR 52.212-3 AND 52.212-5 ARE ATTACHED. ADDENDA [X] ARE [ ] ARE NOT ATTACHED.

[ ] 27b. CONTRACT/PURCHASE ORDER INCORPORATES BY REFERENCE FAR 52.212-4. FAR 52.212-5 IS ATTACHED. ADDENDA [ ] ARE [ ] ARE NOT ATTACHED

28. CONTRACTOR IS REQUIRED TO SIGN THIS DOCUMENT AND RETURN ONE COPIES TO ISSUING OFFICE. CONTRACTOR AGREES TO FURNISH AND DELIVER ALL ITEMS SET FORTH OR OTHERWISE IDENTIFIED ABOVE AND ON ANY ADDITIONAL SHEETS SUBJECT TO THE TERMS AND CONDITIONS SPECIFIED HEREIN.

[ ] 29. AWARD OF CONTRACT: REFERENCE OFFER DATED YOUR OFFER ON SOLICITATION (BLOCK 5), INCLUDING ANY ADDITIONS OR CHANGES WHICH ARE SET FORTH HEREIN IS ACCEPTED AS TO ITEMS:

30a. SIGNATURE OF OFFEROR/CONTRACTOR [signature]

30b. NAME AND TITLE OF SIGNER (TYPE OR PRINT) ... of SALES

30c. DATE SIGNED 9-29-03

31a. UNITED STATES OF AMERICA (SIGNATURE OF CONTRACTING OFFICER)

31b. NAME OF CONTRACTING OFFICER (TYPE OR PRINT)
NORBERT J. CEBULA
CONTRACTING OFFICER

31c. DATE SIGNED

AUTHORIZED FOR LOCAL REPRODUCTION

STANDARD FORM 1449 (REV. 4/2002)
Prescribed by GSA - FAR (48 CFR) 53.212

PAGE 1 OF J

# [S]OLICITATION/CONTRACT/ORDE[R F]OR COMMERCIAL ITEMS

[]OFFEROR TO COMPLETE BLOCKS 12, 17, 23, 24, & 30

1. REQU[ISIT]ION NO.

BPA NO.

[CO]NTRAC[T N]O.

3. AWARD/EFFECTIVE DATE

4. ORDER NO.

MODIFICATION NO.

5. SOLICITATION NO. IFB523-120-03

6. SOLICITATION ISSUE DATE 8/29/2003

[FO]R SOLICITATION [IN]FORMATION CALL: a. NAME NORBERT J. CEBULA

b. TELEPHONE NO. (No Collect Calls) (617)232-9500 EXT 5523

8. OFFER DUE DATE/LOCAL TIME 09/29/2003 2:00 PM

[IS]SUED BY CODE

DEPARTMENT OF VETERANS AFFAIRS
Boston Healthcare System
150 South Huntington Avenue
Boston, MA 02130

10. THIS ACQUISITION IS

- [X] UNRESTRICTED
- [ ] SET ASIDE: 0 % FOR
  - [ ] SMALL BUSINESS
  - [ ] HUBZONE SMALL BUSINESS
- [ ] 8(A)

NAICS: 562111
SIZE STANDARD:

11. DELIVERY FOR FOB DESTINATION UNLESS BLOCK IS MARKED
- [ ] SEE SCHEDULE

12. DISCOUNT TERMS N/A

- [ ] 13a. THIS CONTRACT IS A RATED ORDER UNDER DPAS (15 CFR 700)

13b. RATING N/A

14. METHOD OF SOLICITATION
- [ ] RFQ
- [X] IFB
- [ ] RFP

[D]ELIVER TO CODE

DEPARTMENT OF VETERANS AFFAIRS
Boston Healthcare System
150 South Huntington Avenue
Boston, MA 02130

16. ADMINISTRERED BY CODE

DEPARTMENT OF VETERANS AFFAIRS
Boston Healthcare System
150 South Huntington
Boston, MA 02130

[17a. C]ONTRACTOR/OFFEROR CODE FACILITY CODE

MASS HAULING
200 LIBBEY
E. WEYMOUTH MA
02189

[TEL]EPHONE NO.

17b. CHECK IF REMITTANCE IS DIFFERENT AND PUT SUCH ADDRESS IN OFFER

18a. PAYMENT WILL BE MADE BY CODE

Fiscal (04)
Boston Healthcare System
150 South Huntington Avenue
Boston, MA 02130

18b. SUBMIT INVOICES TO ADDRESS SHOWN IN BLOCK 18a UNLESS BLOCK BELOW IS CHECKED
- [ ] SEE ADDENDUM

| 19. [IT]EM NO. | 20. SCHEDULE OF SUPPLIES/SERVICES | 21. QUANTITY | 22. UNIT | 23. UNIT PRICE | 24. AMOUNT |
|---|---|---|---|---|---|
| | PROVIDE ALL LABOR, MATERIALS, TOOLS, TRANSPORT, TRAVEL, EQUIPMENT AND SUPERVISION TO CONDUCT PICK-UP AND REMOVAL OF SOLID WASTE MATERIALS. SOLID WASTE CONSISTING OF MIXED RUBBISH AND GARBAGE TYPICAL OF INSTITUTIONAL OCCUPANCY EXCLUDING PATHOLOGICAL OR CONTAINMENT WASTE<br><br>SEE ADDENDUM TO SF 1449 FOR QUANTITIES<br><br>THE OFFEROR MAY SUBMIT ONE BID FOR ONE, TWO, OR ALL OF THE FACILITIES. HOWEVER EACH FACILITY THAT THE OFFERER SUBMITTS A BID, THE OFFEROR SHALL SUBMIT A BID FOR THE BASE PERIOD AND ALL OPTION YEARS. AWARD(S) WILL BE BE BASED UPON THE AGGREGATE PRICE OF THE BASE PERIOD AND OPTION YEARS FOR EACH FACILITY<br><br>BID WILL BE PUBLICALLY OPENED AT 2:00 PM AT BOSTON HEALTHCARE, JAMACIA PLAIN IN THE CONFERENCE ROOM 10TH FLOOR | JAMAICA PLAIN<br>$146,994 00/12 =<br>$12,249.50 X 10 MONTHS<br>= $122,495 | | | |

[25. AC]COUNTING AND APPROPRIATION DATA

26. TOTAL AWARD AMOUNT (For Govt. Use Only)

[2]7a. SOLICITATION INCORPORATES BY REFERENCE FAR 52.212-1, 52.212-4. FAR 52.212-3 AND 52.212-5 ARE ATTACHED. ADDENDA [X] ARE [ ] ARE NOT ATTACHED.

[2]7b. CONTRACT/PURCHASE ORDER INCORPORATES BY REFERENCE FAR 52.212-4. FAR 52.212-5 IS ATTACHED. ADDENDA [ ] ARE [ ] ARE NOT ATTACHED

[28. CO]NTRACTOR IS REQUIRED TO SIGN THIS DOCUMENT AND RETURN ONE COPIES [T]O ISSUING OFFICE. CONTRACTOR AGREES TO FURNISH AND DELIVER ALL ITEMS SET [F]ORTH OR OTHERWISE IDENTIFIED ABOVE AND ON ANY ADDITIONAL SHEETS SUBJECT TO [T]HE TERMS AND CONDITIONS SPECIFIED HEREIN.

29. AWARD OF CONTRACT: REFERENCE ____ OFFER DATED ____. YOUR OFFER ON SOLICITATION (BLOCK 5), INCLUDING ANY ADDITIONS OR CHANGES WHICH ARE SET FORTH HEREIN IS ACCEPTED AS TO ITEMS:

[30a. SI]GNATURE OF OFFEROR/CONTRACTOR [signature]

31a. UNITED STATES OF AMERICA (SIGNATURE OF CONTRACTING OFFICER) [signature]

[30b. NAME] AND TITLE OF SIGNER (TYPE OR PRINT) [DIR]ECTOR OF SALES

30c. DATE SIGNED 9-29-03

31b. NAME OF CONTRACTING OFFICER (TYPE OR PRINT) NORBERT J. CEBULA CONTRACTING OFFICER

31c. [DATE] //

[AUTHORIZED F]OR LOCAL REPRODUCTION

# Exhibit C

Mager, S

# In the United States Court of Federal Claims

RECEIVED
2004 OCT 28 P 1:55
CASE PROCESSING UNIT
CIVIL DIVISION

No. 04-713C
(Filed: October 28, 2004)

FILED
OCT 28 2004
U.S. COURT OF FEDERAL CLAIMS

************************************

D.B.I. WASTE SYSTEMS, INC.,

*Plaintiff*,

v.

THE UNITED STATES,

*Defendant*,

and

MASS. HAULING CORPORATION,

*Intervenor*.

************************************

## ORDER FOR DISMISSAL

Pending is the parties' joint motion for voluntary dismissal and notice of request for a hearing, filed by plaintiff and the United States. The parties indicate that they have reached an agreement to settle the case with each party bearing its own costs, attorney fees and expenses. They also indicate that Mass. Hauling wished to have a status conference prior to the court's acting on the motion. Intervenor Mass. Hauling opposes the dismissal as indicated in a telephonic status conference held October 26, 2004. Intervenor asks the court to retain the case on the docket and address the merits of the procurement and award to Mass. Hauling.

The court declines to grant Intervenor's request. The dispute is currently framed as a challenge by plaintiff to the award to Mass. Hauling. As the facts currently stand, the award to Mass. Hauling is still in place. Plaintiff's agreement to settle with the government moots the entire current dispute. Whatever rights Mass. Hauling has in the future, we hold that it may not force plaintiff and defendant to litigate the complaint currently pending.

154-04-713
CB 17

Accordingly, the joint motion for voluntary dismissal is granted. The clerk is directed to dismiss the complaint. Each party will bear its own costs, attorney fees and expenses.

ERIC G. BRUGGINK
Judge

# Exhibit D

PAGE 1 OF J

# SOLICITATION/CONTRACT/ORDER FOR COMMERCIAL ITEMS
OFFEROR TO COMPLETE BLOCKS 12, 17, 23, 24, & 30

1. REQUISITION NO.

BPA NO.

2. CONTRACT NO.

3. AWARD/EFFECTIVE DATE

4. ORDER NO.

MODIFICATION NO.

5. SOLICITATION NO. IFB523-120-03

6. SOLICITATION ISSUE DATE 8/29/2003

7. FOR SOLICITATION INFORMATION CALL: a. NAME NORBERT J. CEBULA

b. TELEPHONE NO. (No Collect Calls) (617)232-9500 EXT 5523

8. OFFER DUE DATE/LOCAL TIME 09/29/2003 2:00 PM

9. ISSUED BY CODE

DEPARTMENT OF VETERANS AFFAIRS
Boston Healthcare System
150 South Huntington Avenue
Boston, MA 02130

10. THIS ACQUISITION IS
[X] UNRESTRICTED
[ ] SET ASIDE: 0 % FOR
[ ] SMALL BUSINESS
[ ] HUBZONE SMALL BUSINESS
[ ] 8(A)
NAICS: 562111
SIZE STANDARD:

11. DELIVERY FOR FOB DESTINATION UNLESS BLOCK IS MARKED
[ ] SEE SCHEDULE

12. DISCOUNT TERMS N/A

[ ] 13a. THIS CONTRACT IS A RATED ORDER UNDER DPAS (15 CFR 700)

13b. RATING N/A

14. METHOD OF SOLICITATION
[ ] RFQ [X] IFB [ ] RFP

15. DELIVER TO CODE

DEPARTMENT OF VETERANS AFFAIRS
Boston Healthcare System
150 South Huntington Avenue
Boston, MA 02130

16. ADMINISTERED BY CODE

DEPARTMENT OF VETERANS AFFAIRS
Boston Healthcare System
150 South Huntington
Boston, MA 02130

17a. CONTRACTOR/OFFEROR CODE FACILITY CODE

MASS HAULING
200 LIBBEY
E. WEYMOUTH MA 02189

TELEPHONE NO.

[ ] 17b. CHECK IF REMITTANCE IS DIFFERENT AND PUT SUCH ADDRESS IN OFFER

18a. PAYMENT WILL BE MADE BY CODE

Fiscal (04)
Boston Healthcare System
150 South Huntington Avenue
Boston, MA 02130

18b. SUBMIT INVOICES TO ADDRESS SHOWN IN BLOCK 18a UNLESS BLOCK BELOW IS CHECKED
[ ] SEE ADDENDUM

| 19. ITEM NO. | 20. SCHEDULE OF SUPPLIES/SERVICES | 21. QUANTITY | 22. UNIT | 23. UNIT PRICE | 24. AMOUNT |
|---|---|---|---|---|---|
| | PROVIDE ALL LABOR, MATERIALS, TOOLS, TRANSPORT, TRAVEL, EQUIPMENT AND SUPERVISION TO CONDUCT PICK-UP AND REMOVAL OF SOLID WASTE MATERIALS. SOLID WASTE CONSISTING OF MIXED RUBBISH AND GARBAGE TYPICAL OF INSTITUTIONAL OCCUPANCY EXCLUDING PATHOLOGICAL OR CONTAINMENT WASTE<br><br>SEE ADDENDUM TO SF 1449 FOR QUANTITIES<br><br>THE OFFEROR MAY SUBMIT ONE BID FOR ONE, TWO, OR ALL OF THE FACILITIES. HOWEVER EACH FACILITY THAT THE OFFERER SUBMITTS A BID, THE OFFEROR SHALL SUBMIT A BID FOR THE BASE PERIOD AND ALL OPTION YEARS. AWARD(S) WILL BE BE BASED UPON THE AGGREGATE PRICE OF THE BASE PERIOD AND OPTION YEARS FOR EACH FACILITY<br><br>BID WILL BE PUBLICALLY OPENED AT 2:00 PM AT BOSTON HEALTHCARE, JAMACIA PLAIN IN THE CONFERENCE ROOM 10TH FLOOR | JAMAICA PLAIN<br>$146,994 00/12 =<br>$12,249.50 X 10 MONTHS<br>= $122,495 | | | |

25. ACCOUNTING AND APPROPRIATION DATA

26. TOTAL AWARD AMOUNT (For Govt. Use Only)

[ ] 27a. SOLICITATION INCORPORATES BY REFERENCE FAR 52.212-1, 52.212-4. FAR 52.212-3 AND 52.212-5 ARE ATTACHED. ADDENDA [X] ARE [ ] ARE NOT ATTACHED.

[ ] 27b. CONTRACT/PURCHASE ORDER INCORPORATES BY REFERENCE FAR 52.212-4. FAR 52.212-5 IS ATTACHED. ADDENDA [ ] ARE [ ] ARE NOT ATTACHED

[ ] 28. CONTRACTOR IS REQUIRED TO SIGN THIS DOCUMENT AND RETURN ONE COPIES TO ISSUING OFFICE. CONTRACTOR AGREES TO FURNISH AND DELIVER ALL ITEMS SET FORTH OR OTHERWISE IDENTIFIED ABOVE AND ON ANY ADDITIONAL SHEETS SUBJECT TO THE TERMS AND CONDITIONS SPECIFIED HEREIN.

[ ] 29. AWARD OF CONTRACT: REFERENCE ______ OFFER DATED ______. YOUR OFFER ON SOLICITATION (BLOCK 5), INCLUDING ANY ADDITIONS OR CHANGES WHICH ARE SET FORTH HEREIN IS ACCEPTED AS TO ITEMS:

30a. SIGNATURE OF OFFEROR/CONTRACTOR
[signature]

31a. UNITED STATES OF AMERICA (SIGNATURE OF CONTRACTING OFFICER)
[signature]

30b. NAME AND TITLE OF SIGNER (TYPE OR PRINT)
DIRECTOR of SALES

30c. DATE SIGNED
9-29-03

31b. NAME OF CONTRACTING OFFICER (TYPE OR PRINT)
NORBERT J. CEBULA
CONTRACTING OFFICER

31c. DATE SIGNED
//

AUTHORIZED FOR LOCAL REPRODUCTION

STANDARD FORM 1449 (REV.)
Prescribed by GSA - FAR (48 CFR) 53.

(h) Patent indemnity. The Contractor shall indemnify the Government and its officers, employees and agents against liability, including costs, for actual or alleged direct or contributory infringement of, or inducement to infringe, any United States or foreign patent, trademark or copyright, arising out of the performance of this contract, provided the Contractor is reasonably notified of such claims and proceedings.

(i) Payment. Payment shall be made for items accepted by the Government that have been delivered to the delivery destinations set forth in this contract. The Government will make payment in accordance with the Prompt Payment Act (31 U.S.C. 3903) and OMB prompt payment regulations at 5 CFR part 1315. If the Government makes payment by Electronic Funds Transfer (EFT), see 52.212-5(b) for the appropriate EFT clause.

In connection with any discount offered for early payment, time shall be computed from the date of the invoice. For the purpose of computing the discount earned, payment shall be considered to have been made on the date which appears on the payment check or the date on which an electronic funds transfer was made.

(j) Risk of loss. Unless the contract specifically provides otherwise, risk of loss or damage to the supplies provided under this contract shall remain with the Contractor until, and shall pass to the Government upon:

(1) Delivery of the supplies to a carrier, if transportation is f.o.b. origin; or

(2) Delivery of the supplies to the Government at the destination specified in the contract, if transportation is f.o.b. destination.

(k) Taxes. The contract price includes all applicable Federal, State, and local taxes and duties.

(l) Termination for the Government's convenience. The Government reserves the right to terminate this contract, or any part hereof, for its sole convenience. In the event of such termination, the Contractor shall immediately stop all work hereunder and shall immediately cause any and all of its suppliers and subcontractors to cease work. Subject to the terms of this contract, the Contractor shall be paid a percentage of the contract price reflecting the percentage of the work performed prior to the notice of termination, plus reasonable charges the Contractor can demonstrate to the satisfaction of the Government using its standard record keeping system, have resulted from the termination. The Contractor shall not be required to comply with the cost accounting standards or contract cost principles for this purpose. This paragraph does not give the Government any right to audit the Contractor's records. The Contractor shall not be paid for any work performed or costs incurred which reasonably could have been avoided.

(m) Termination for cause. The Government may terminate this contract, or any part hereof, for cause in the event of any default by the Contractor, or if the Contractor fails to comply with any contract terms and conditions, or fails to provide the Government, upon request, with adequate assurances of future performance. In the event of termination for cause, the Government shall not be liable to the Contractor for any amount for supplies or services not accepted, and the Contractor shall be liable to the Government for any and all rights and remedies provided by law. If it is determined that the Government improperly terminated this contract for default, such termination shall be deemed a termination for convenience.

(n) Title. Unless specified elsewhere in this contract, title to items furnished under this contract shall pass to the Government upon acceptance, regardless of when or where the Government takes physical possession.

(o) Warranty. The Contractor warrants and implies that the items delivered hereunder are merchantable and fit for use for the particular purpose described in this contract.

(p) Limitation of liability. Except as otherwise provided by an express warranty, the Contractor will not be liable to the Government for consequential damages resulting from any defect or deficiencies in accepted items.

(q) Other compliances. The Contractor shall comply with all applicable Federal, State and local laws, executive orders, rules and regulations applicable to its performance under this contract.