IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MASS HAULING CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-76C |
| | ) | (Judge Baskir) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully requests that the Court dismiss counts I-IV of Mass Hauling Corporation's (MHC) complaint for failure to state a claim upon which relief may be granted. Pursuant to RCFC 12(b)(1), we also respectfully request that count V of the complaint be dismissed for lack of subject matter jurisdiction. In support of this motion, we rely upon the complaint and the following brief.

## STATEMENT OF THE CASE

This case arises out of a contract awarded to MHC, pursuant to Solicitation No. IFB523-120-03, "for the provision of all labor, materials, tools, transport, travel, equipment and supervision to

conduct waste disposal and removal from the Department of Veteran's Affairs ("VA" or "agency") facilities located in Jamaica Plain (the facility), West Roxbury and Brockton, Massachusetts." Complaint at ¶ 4. MHC seeks an award of lost profits and a declaration that "MHC has been lawfully awarded the contract. . ." Compl. at p. 17.

MHC was awarded the contract on November 24, 2003. The incumbent contractor, D.B.I. Waste Systems, Inc. ("D.B.I."), filed a bid protest with the Government Accounting Office ("GAO") on or about December 4, 2003. Compl. at ¶ 10. The GAO dismissed the protest. Id. at ¶ 13. D.B.I. then filed a bid protest in this Court (Case No. 04-00713) on or about April 22, 2004. Id. at ¶ 16. The bid award to MHC was stayed pending D.B.I.'s protest. Id. at ¶ 18.

D.B.I. and the agency settled the action resulting in D.B.I. being awarded the contested contract, and on or about October 28, 2004, this Court issued an order for dismissal of the bid protest. Id. at ¶ 17.

D.B.I. has performed pursuant to the contract since October 28, 2004. Compl. at ¶ 45. Moreover, MHC has never performed any work pursuant to the contract it was awarded on November 24, 2003. Id. at 19 and 20. Although D.B.I. has performed pursuant to the

contract since October 28, 2004, MHC alleges that the agency never invoked the termination for convenience clause contained in the contract. Id. at ¶ 75.

MHC filed its complaint on or about January 30, 2007. MHC alleges: "Once DBI's bid protest was completed, [MHC] should have been allowed to perform under the Contract." Compl. at ¶ 44. MHC seeks "lost profits over the entire length of the contract" and "a declaration that Mass Hauling has been lawfully awarded the contract. . . ." Compl. at p.17.

## ARGUMENT

### I. Standard of Review For Dismissal For Failure To State A Claim

An action may be dismissed pursuant to RCFC 12(b)(6) where the complaint fails to state a claim upon which relief may be granted. Dismissal for failure to state a claim is appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Krause, 416 U.S. 232, 236 (1974). In resolving a motion to dismiss for failure to state a claim, the Court

must assume the facts in the complaint are true and "indulge in all reasonable inferences in favor of the nonmovant," and should not be dismissed unless it is "'beyond doubt that a plaintiff could prove no set of facts which would entitle him to relief.'" Sommers Oil. Co. v. United States, 241 F.3d 1375, 1378 (Fed. Cir. 2001) (quoting Hamlet v. United States, 873 F.2d 1414 (Fed. Cir. 1989)).

## II. Having Failed To Perform Pursuant To Its Contract, MHC May Not Recover Lost Profits

It is well settled that a plaintiff that never starts performance pursuant to a contract and incurs no costs of performance is not entitled to damages such as anticipated profits. G.C. Casebolt Co. v. United States, 421 F.2d 710, 713 (1970). Similarly, a contract containing a termination for convenience clause bars the recovery of lost profits for any work not performed. AR. Sales Co., Inc. v. United States, 49 Fed. Cl. 621, 630 (2001). Moreover, even if the Government breaches a contract and does not invoke the termination for convenience clause, "it is settled that the clause nevertheless restricts the damages recoverable for the breach to those which would have been allowable under the convenience-termination clause had it been invoked." Inland Container, Inc. v. United States, 512 F.2d 1073, 1080 (Ct. Cl. 1975).

MHC cannot claim lost profits or any other damages. MHC admits that it never performed any work pursuant to the contract. Compl. at ¶ 19-20. MHC also acknowledges that the Government never invoked the termination for convenience clause contained in the contract. Id. at ¶ 75. Assuming that MHC "has never been allowed to perform under the Contract" (Compl. at ¶ 122) and that MHC was the victim of a Government breach, MHC's damages are restricted to what is allowable under the termination for convenience clause. See Inland Container, 512 F.2d at 1080. Lost profits are not allowable under a termination for convenience clause. See AR Sales, 49 Fed. Cl. at 630. Accordingly, counts I-IV of MHC's complaint, which seek only a claim for lost profits, cannot be sustained.

III. The Court Lacks Jurisdiction to Grant Declaratory Relief

The Court of Federal Claims is a court of limited jurisdiction. Soriano v. United States, 352 U.S. 270, 273 (1957); Bath Iron Works Corp. v. United States, 27 Fed. Cl. 114, 122 (1992), aff'd, 20 F.3d 1567 (Fed. Cir. 1994); Dynalectron Corp. v. United States, 4 Ct. Cl. 424, 428, aff'd mem., 758 F.2d 655 (Fed. Cir. 1984). One aspect of the limited nature of the Court's jurisdiction is that it does not have

jurisdiction to grant general equitable relief. United States v. King, 395 U.S. 1, 3 (1969) (throughout its history Court of Claims jurisdiction has been limited to money claims against United States); Bowen v. Massachusetts, 487 U.S. 879, 905 (1988) (we have stated categorically that the Court of Claims has no power to grant equitable relief). The Court has expressly ruled that injunctive relief is equitable relief over which the Court lacks jurisdiction. Id.; National Air Traffic Controllers Ass'n v. United States, 160 F.3d 714, 716 (1998) (per curium) (plaintiff requested only declaratory relief and injunction; Court lacks jurisdiction to grant such relief where no claim for money damages is presently due).

Regarding the Tucker Act, a limited exception may apply. Equitable relief is available pursuant to the Tucker Act if the equitable relief is “an incident of and collateral to” a claim for money damages. 28 U.S.C. § 1491(a)(2); Bobula v. Department of Justice, 970 F.2d 854, 859 (Fed. Cir. 1992). Another exception is that equitable relief may be available in the context of a bid protest. 28 U.S.C. § 1491(b); Bowen, 487 U.S. at 905 n.40. Where a plaintiff seeks from the Government “relief other than money damages,” however, its action

ordinarily belongs in another forum. Bowen, 487 U.S. at 904-08; Katz v. Cisneros, 16 F.3d 1204, 1208 (Fed. Cir. 1994).

In the absence of a provision that establishes the jurisdictional prerequisite of a right to money presently due and owing, or in the case of a bid protest, a claim for declaratory judgment is not "already within [the Court of Federal Claims'] jurisdiction." Austin v. United States, 206 Ct. Cl. 719, 723, cert. denied, 423 U.S. 911 (1975) (because Court's jurisdiction is limited to money claims against Government, Court has no authority to enter a declaratory judgment, or to grant affirmative nonmonetary relief, unless it is tied and subordinate to a monetary award).

Here, the Court lacks jurisdiction to grant the equitable relief MHC seeks in the form of declaratory judgment. Indeed, MHC cites to no provision to support jurisdiction for the declaratory relief it seeks. There is also no valid request for monetary relief to which MHC's request for declaratory relief could append. E.g., National Air Traffic Controllers Ass'n, 160 F.3d 716. Absent this jurisdictional prerequisite of a claim that is "an incident of or collateral to" a valid claim for monetary relief, MHC's request for declaratory judgment

regarding the award of the contract must fail. See 28 U.S.C. § 1491(a)(2).

## CONCLUSION

For the foregoing reasons, we respectfully request that that Counts I-IV of the complaint be dismissed for failure to state a claim upon which relief may be granted. We also respectfully request that count V of the complaint be dismissed for lack of subject matter jurisdiction.

Respectfully submitted,

JEFFREY S. BUCKHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ David M. Hibey
DAVID M. HIBEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 307-0163
Fax: (202) 514-8624

December 11, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 11th day of December, 2007, a copy of the foregoing “Memorandum in Support of Defendant’s Motion to Dismiss” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system.

s/ David M. Hibey