IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MASS HAULING CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-76C |
| | ) | (Judge Baskir) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AND CROSS-MOTION TO AMEND COMPLAINT**

Pursuant to Rule 7.2 of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States respectfully submits this reply to "Plaintiff's Opposition to Motion to Dismiss;& Cross-motion to Amend Complaint Pursuant to RCFC 15(a). In our motion to dismiss, we demonstrated that counts I-IV of Mass Hauling Corporation's (MHC) complaint should be dismissed pursuant to RCFC 12(b)(6) for failure to state a claim upon relief may be granted. We also demonstrated that count V of the Complaint should be dismissed pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction.

## ARGUMENT

### I. Plaintiff's Attachment Of Exhibits to Its Opposition Underscores The Complaint's Failure to State A Claim

MHC's opposition to our motion to dismiss exposes the inadequacy of its own complaint and supports dismissal as set forth in our motion. In its opposition, MHC never directly addresses the fundamental flaw of counts I-IV of its complaint: MHC seeks damages for only lost profits, and MHC is not entitled to lost profits because it never performed pursuant to a contract. G.C. Casebolt co. v. United States, 421 F.2d 710, 713 (1970). MHC neither refutes nor acknowledges the case law cited in the government's motion to dismiss. Instead, MHC actually demonstrates the insufficiency of its own complaint by introducing new allegations not contained in its complaint.

MHC takes the novel and legally unsupported position that it is permitted to ask the Court to convert our motion to dismiss into a motion for summary judgment. Opp. at 8, 17. MHC asks the Court to convert our motion despite the fact that the government's 10-page motion neither attached any documents nor referred to any documents outside of MHC's complaint. MHC, on the other hand,

attached five documents to its opposition in a counterintuitive attempt to prop up its own pleading.

MHC's request that the Court convert our motion to dismiss to a motion for summary judgment runs afoul of this Court's Special Procedures Order which sets forth a detailed and intricate process for the parties to follow when a motion for summary judgment is filed. Moreover, the Court's November 2, 2007 order instructed the government to file a motion to dismiss or answer and for MHC to file an opposition or amended complaint. Having failed to comply with the November 2 order and the Special Procedures Order, MHC's request to convert our motion to a motion for summary judgment should be denied.

If this Court deems it necessary to convert our motion to dismiss to motion for summary judgment, we believe that we should permitted the opportunity to file motion for summary judgment that conforms to the strictures of the Special Procedures Order and that allows us to rely upon additional facts not alleged in MHC's complaint.

## II. MHC Fails To State Claim For Lost Profits Or Any Other Category Of Damages

In an effort to revive its claim for lost profits, MHC appears to contend that it is entitled to "expectancy damages" because the government abused its discretion in terminating MHC's contract for convenience. Opp. at 12 (citing Keco Industries, Inc. v. United States, 492 F.2d 1200 (Ct. Cl. 1974)). Keco involved an unsuccessful bidder seeking bid preparation costs for the government's alleged failure to fairly and honestly consider the contractor's proposal. Id at 1203. The Court's analysis in Keco of the contractor's claim is not appropriate here. If only for the fact that MHC's bid was originally accepted as the winning proposal, MHC cannot reasonably argue that its proposal was not adequately considered. Moreover, MHC's complaint includes no allegations consistent with this theory of recovery. The complaint alleges no facts amounting to bad faith nor violation of any statue or regulation. Opp at 12-14. MHC's complaint does not allege that MHC was prevented from submitting a final settlement proposal to the government either.

Similarly unavailing is MHC's contentions that the government lacked a reasonable basis for terminating the contract and that MHC

had no opportunity to challenge the effect of the settlement reached between DBI and VA. MHC alleges in its opposition, but not in its complaint, that the government and DBI entered into a secretive "back room deal that resulted in DBI usurping the contract that was awarded to MHC." Opp at 17. In fact, MHC could have challenged the contract being performed by DBI by filing its own bid protest, but MHC chose not to.

## III. MHC's Opposition Alleges New Damages Not Contained in the Complaint

MHC introduces four new categories of damages that are also not alleged in its complaint. Opp. at 8-11. Notwithstanding this fact, the heading for section III(2) of the plaintiff's opposition is captioned "In any event, the Complaint is sufficient to withstand the motion to dismiss." MHC then proceeds to identify four categories of damages that are not contained in MHC's complaint: (1) "bid preparation costs"; (2) "start up and initial preparatory costs"; (3) "standby readiness costs"; and, (4) "settlement costs (including legal fees)". Opp at 8-11. By introducing these new allegations, MHC proves the Government's point: that counts I-IV of its complaint cannot be sustained as a matter of law.

Even if these damages theories had been alleged in MHC's complaint, the complaint remains devoid of any facts that support recovery for the asserted damages. MHC's complaint is focused upon lost profits, and the facts alleged in that complaint attempt to support that theory. The allegations, however, do not mention nor contemplate any costs incurred by MHC in performing the contract, in preparing its bid, in "start up and initial preparatory costs", in "standby readiness costs", or in settling the termination of the contract.

MHC also misconstrues 48 C.F.R. § 52.249-2(g)(2)(i), and the case law cited in support of its theory of damages. Section 52-249-2(g)(2)(i) provides for the recovery of costs following a termination for convenience for work performed pursuant to a contract. It is undisputed that MHC performed no work pursuant to the contract. Moreover, each case cited by MHC involves a contractor who, unlike MHC ,actually performed work before being terminated or whose bid was impermissibly excluded from consideration by a contracting officer. Thus, even setting aside the fact that MHC failed to allege any facts in its complaint to support the asserted theories of damages, MHC relies upon inapposite statutory regulations and case law.

## IV. The Government's Motion To Dismiss Properly Assumes Only Facts Alleged In The Complaint

MHC fails to demonstrate that the government's motion to dismiss relies upon facts not alleged in the complaint. In its opposition, MHC contends that its complaint never alleges that its contract contained a termination for convenience clause. MHC's complaint alleges, however, that "the VA. . . failed and refused to terminate the Contract for convenience." Compl. at 75. It is reasonable to infer from this allegation that in order for the VA to "fail or refuse" to terminate the contract, the contract must contain a termination clause to permit the VA to trigger the termination. MHC does not allege in its opposition that the termination for convenience clause is not contained in the contract. In fact, MHC dedicates a substantial part of its opposition brief to introducing theories of damage recovery based upon the triggering of the termination for convenience clause in the contract.

MHC also contends that the contract was not actually awarded to DBI following DBI's bid protest. MHC's complaint alleges, however, that "VA continues to use DBI as the provider for waste disposal and removal services." Compl. at 45. Even assuming, that the Court determined that it could not be reasonably inferred from this

allegation that contract had been awarded to DBI, it still would not change the fact that MHC has never performed waste disposal or removal services pursuant to this contract. And, accordingly, MHC still cannot claim any damages for work it never performed.

## V. Plaintiff Sets Forth No Facts Nor Reasonable Legal Argument To Protect Count V From Dismissal

Count V of MHC's complaint seeks an injunction that would grant MHC specific performance to provide services pursuant to the contract. As we set forth in our motion to dismiss, MHC cites to no provision to support the jurisdiction for the declaratory relief it seeks. In its opposition, MHC summarily argues that its claim for injunctive relief is "incidental to and collateral to a claim for money damages." Opp. at 17-18. MHC, however, sets forth no legal or factual support for its claim nor does MHC set forth a valid request for monetary relief to which MHC's declaratory request for declaratory relief could append. Accordingly, count V should be dismissed as well.

## VI. MHC's Cross Motion Is Procedurally and Substantively Deficient

MHC's purported cross-motion to amend the complaint runs afoul of this Court's Special Procedures Order. Paragraph eight of the Special Procedures Order states, in part: "When made in writing,

the motion shall be separately captioned and briefly titled, and shall set forth the party's request in simple, direct language, with citation to proper rule or authority. . . The Court does not recognize motions set forth in the text of memoranda or in footnotes." MHC's purported cross-motion violates each of the court's requirements for properly filing a motion, and for that reason alone the "motion" should be denied.

Even assuming this Court permitted the "cross-motion" to stand, the motion amounts to a one sentence recital of additional allegations MHC seeks to introduce. Absent either a proposed amended complaint or even a legal basis for amending the complaint "to add factual allegations concerning actual damages for bid preparation costs, performance preparation expenses, standby-readiness costs and settlement costs" (Opp. at 18), the government is limited in its capacity to respond.

Nevertheless, if it is MHC's intention to amend its complaint to add allegations to support claims for new categories of damages, the motion should be denied because the amendment would be futile. While leave to amend is to be "freely given when justice so requires," under certain circumstances, including where the amendment would

be futile, the Court has discretion to deny leave to amend the complaint. ATK Thiokol, Inc. v. United States, 72 Fed. Cl. 306, 313 (2006) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). A motion for leave to amend is deemed futile "if a claim added by the amendment would not withstand a motion to dismiss." Shoshone Indian Tribe of the Wind River Reservation, Wyoming v. United States, 71 Fed. Cl. 172, 182 (2006). The rules of the Court of Federal Claims allow a motion to dismiss a claim for failure to state claim on which relief can be granted. RCFC 12(b)(6). The Supreme Court, interpreting Federal Rules of Civil Procedure 12(b)(6) and 8(a) stated that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

Here, MHC's amendment would be futile because its four theories for damages are not supported in law or in fact. MHC is only permitted to recover "costs incurred in the performance of work terminated" or for "the reasonable costs of settlement of the work

terminated." 48 C.F.R. 52.249-2(g)(2)(i) and (3). Because MHC never actually performed pursuant to a contract, it is not entitled to any damages that flow from actual performance. Thus, the futility of MHC's amendment renders its purported motion moot.

Respectfully submitted,

JEFFREY S. BUCKHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ David M. Hibey
DAVID M. HIBEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 307-0163
Fax: (202) 514-8624

February 22, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

hereby certify that on this 22nd day of February, 2007, a copy of the foregoing “DEFENDANT’S REPLY TO PLAINTIFF’S OPPOSITION TO MOTION TO DISMISS AND CROSS-MOTION TO AMEND COMPLAINT” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system.

s/ David M. Hibey