# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **MASS HAULING CORPORATION,** | } | |
| **Plaintiff** | } | |
| | } | |
| **v.** | } | **Docket No. 07-76C** |
| | } | **(Judge Baskir)** |
| **UNITED STATES of AMERICA** | } | |
| **DEPARTMENT OF VETERAN'S** | } | |
| **AFFAIRS,** | } | |
| **Defendant** | } | |

## PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO AMEND COMPLAINT PURSUANT TO RCFC 15(a)

Now comes the Plaintiff, Mass Hauling Corporation ("MHC"), and replies to the opposition of the Defendant, United States of America, Department of Veteran's Affairs ("the VA") to Plaintiff's cross-motion to amend the Complaint. In support of its opposition and cross-motion, Plaintiff states as follows.

## I. ARGUMENT

The VA is incorrect that MHC's cross-motion to amend is procedurally and substantively deficient. (VA Rply. Mem. at 8-11.)

### A. MHC's Cross-Motion Is Procedurally Proper.

The VA argues vaguely that MHC's cross-motion is

procedurally improper, apparently as it was not separately captioned and titled. Plaintiff, however, complied with the provisions of RCFC 7.2 (e), which states, “where the responding party files a cross-motion, it shall be contained in the same document as the response to the original motion.” RCFC 7.2(e) (as amended 6/20/06). Hence, by incorporating the cross-motion in the same document as the response, Plaintiff fully complied with the Rules of Court, RCFC 7.2(e). Plaintiff in all other respects complied with this Court’s Special Procedures Order.

Moreover, MHC in the title of its memorandum in opposition to the motion to dismiss and cross-motion (“MHC’s Memorandum”), at page 1 thereto, explicitly referred to the appropriate Court Rule, RCFC 15(a), as authority for the amendment. Also, MHC referred in MHC’s Memorandum to its objective to “add factual allegations concerning actual damages for bid preparation costs, performance preparation expenses, and standy-readiness costs.; as well as allegations concerning the disputed issue of the VA’s failure to terminate or inform Plaintiff of the status of its award, despite

Plaintiff's demands for such information." Finally, MHC made clear its intent to add specific fact averments in amending the complaint.[1]

Finally, amendment of the Complaint will not prejudice the VA, as there has been no Answer and no discovery in this case. Plaintiff should be permitted in the interests of justice to amend the Complaint.

B. MHC's Cross-Motion Is Substantively Proper.

The VA now argues that MHC's proposed amendments to the Complaint would be futile because, even if amended as proposed, the Complaint would not present damages theories that could withstand a motion to dismiss. The VA is mistaken.

At bar, not only is the Complaint sufficient as it currently stands, but also, the fact averments that MHC proposes to add in an amended Complaint, see MHC's Memorandum at Pages 4-6, certainly would make out valid causes of action and damages theories. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)

[1] MHC stated in MHC's Memorandum at Page 2, Footnote 1, "MHC now presents additional facts . . . in support of its motion to amend the Complaint," and at Pages 4-6, under the heading "Plaintiff's Supplemental Facts, To Be Presented On An Amended Complaint . . . " MHC stated, "The following facts would be presented on an amended complaint and motion for summary judgment" and proceeded to list fifteen separate paragraphs with citations to the attachments appended to MHC's Memorandum.

(accepting complaint's facts as true, motion to dismiss denied if facts provide plaintiff any possible basis for relief).

In the Complaint and in MHC's proposed additional fact averments, MHC presents facts outlining five damages theories and discusses legal authority for each, as follows: bid preparation costs; start-up and initial preparatory costs; standby-readiness costs; settlement costs (including legal fees); and expectancy damages.

In its fact averments, MHC presents unopposed facts and legal arguments showing breaches of the law by the VA and bad faith termination of the contract, entitling it to contract damages. It is significant that the contract was found by a judge of this Court to have been duly awarded to MHC, to be still in effect after the settlement with DBI, and that the VA never terminated the contract until, at the earliest, after this lawsuit was pending, despite MHC's repeated demands for a termination or a statement of the status of MHC's contract.[2] The VA has thus far failed to address the government's

[2] This being the admitted case, the government's instant arguments that MHC should have submitted a settlement proposal or filed a bid protest ring hollow. (VA Rply. Mem. At 4-5.) Despite MHC's repeated inquiries with the VA as t the status of the contract, the only information it had received until after this suit was filed was the Court's confirmation that the award to MHC was still in place.

numerous breaches of the contract and the law, as set forth in MHC's Memorandum, in any meaningful way.

The VA fails to controvert MHC's damages theories.[3] The only one of MHC's damages theories that the VA addresses in any detail is the fifth, regarding expectancy damages. There, the VA cites only two cases, and fails to specifically address any of the cases cited by MHC. (VA Rply. Mem. at 10-11.) The VA itself utterly fails to address MHC's arguments in MHC's Memorandum at pages 11-17.

[3] The VA has failed to address or to controvert MHC's claim for bid preparation costs, and apparently concedes that, at the very least, MHC is entitled to its bid preparation costs.

## II. CONCLUSION

WHEREFORE, in accordance with the foregoing, the Plaintiff respectfully requests this Honorable Court to: (a) deny Defendant's motion to dismiss in all respects; and (b) issue an ORDER permitting Plaintiff to amend the Complaint; (c) issue an ORDER enjoining the VA from using another waste disposal and removal company for the removal of solid waste material for the subject Facility and to allow MHC to perform under the Contract during the pendency of the within action, and afterward; and (d) grant such other and further relief as the Court shall deem necessary and proper.

The Plaintiff
**MASS HAULING CORPORATION,**

**By its attorney**

**s/Carlo Cellai** **Dated February 29, 2008**

Carlo Cellai, Esq.
CELLAI LAW OFFICES, P.C.
355 Congress Street, Suite 2B
Boston, MA 02110
Telephone: (617) 367-2199
Facsimile: (617) 367-2075

## CERTIFICATE OF FILING

I certify that on this date a copy of PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO AMEND COMPLAINT PURSUANT TO RCFC 15(a) was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the court's electronic filing system. Parties may access this filing through the Court's system.

DATED: February 29, 2008 s/Carlo Cellai_____