**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**MASS HAULING CORPORATION,**
**Plaintiff**

**v.** **Docket No. 07-76C**
**(Judge Baskir)**

**UNITED STATES of AMERICA**
**DEPARTMENT OF VETERAN'S AFFAIRS,**
**Defendant**

**FIRST AMENDED COMPLAINT**

This case involves an award of a contract by the Defendant, United States of America, Department of Veteran's Affairs (hereinafter "the VA") to the Plaintiff, Mass Hauling Corporation (hereinafter "MHC") for a Firm Fixed Price Requirements contract for the provision of all labor, materials, tools, transport, travel, equipment and supervision to conduct waste disposal and removal (hereinafter "the Contract") from the Department of Veteran's Affairs facilities located at 150 South Huntington Avenue, Boston, Massachusetts (hereinafter "the Facility").

Following the successful bid by MHC for the waste disposal and removal services for the Facility, D.B.I. Waste Systems, Inc. (hereinafter "DBI") filed a bid protest with the General Accounting Office (hereinafter "the GAO") pursuant to 4 C.F.R. §21.0 et seq. DBI filed its bid protest alleging that MHC's successful bid was non-responsive and incomplete. After careful consideration, the GAO dismissed the bid protest as it did not establish a basis for challenging the agency's action. DBI then sought to have the matter reconsidered by the GAO. The GAO upheld its prior decision that the bid protest did not establish a basis for challenging the agency's action. DBI then filed a bid protest with this honorable

Court, Docket No. 04 CV 00713. That matter was ultimately dismissed by agreement.

During the pendency of DBI's bid protest, the award of the Contract was stayed pursuant to 31 U.S.C. §3553(c)(1). However, once the bid protest action was resolved, MHC should have been allowed to perform under the Contract. Despite the demands made by MHC, the VA has failed and refused to allow MHC to perform under the contract. On October 4, 2006, MHC demanded an agency response from Norbert Cebulla, the Contracting Officer. On or about November 30, 2006, the VA requested until January 4, 2007 to respond to MHC's demand. As of the date of commencement of this lawsuit, the VA failed and refused to file an agency response within the time allowed under the Contract Disputes Act, 41 U.S.C. §601, et seq. The VA has failed and refused to properly terminate the contract for convenience and has failed and refused to allow MHC to perform under the Contract. MHC is filing the within action as a result of the action of the VA.

## PARTIES

1. The Plaintiff, Mass Hauling Corporation, (hereinafter "MHC") is a corporation duly organized under the laws of the Commonwealth of Massachusetts with a principal place of business located at 200 Libbey Industrial Parkway, East Weymouth, Massachusetts.

2. The Defendant, United States of America, Department of Veteran's Affairs, (hereinafter "the VA"), is an agency of the United States Government empowered to enter into contracts on behalf of the United States of America and

subject to Laws and Regulations with a healthcare facility located at 150 South Huntington Avenue, Boston, Massachusetts. The Contracting Officer for the Contract at issue is Norbert J. Cebula.

## JURISDICTION

3. This Court has jurisdiction over the claims raised in the within Complaint pursuant to The Tucker Act, 28 U.S.C. §1491, and the Contract Disputes Act, 41 U.S.C. §§601 et seq.

## FACTS

4. The VA invited bids for a Firm Fixed Price Requirements contract under Solicitation No. IFB523-120-03 for the provision of all labor, materials, tools, transport, travel, equipment and supervision to conduct waste disposal and removal from the VA facilities located in Jamaica Plain (the Facility), West Roxbury and Brockton, Massachusetts.

5. The terms of the solicitation were for an initial period of October 1, 2003 through September 30, 2004 with the four years immediately following the base period as option years.

6. The Solicitation for contracts for waste removal called for base and option year prices to be inserted in the schedule for one, two or all three of the facilities of the VA Boston Healthcare System. MHC submitted offers on the West Roxbury and Jamaica Plain sites and was awarded the contract for the Jamaica Plain site (the Facility).

7. MHC offered a price of $146,994.00 for each of the five years of the Contract for the Jamaica Plain site.

8. The total amount of MHC's bid for the five year period amounted to $734,970.00.

9. By Memorandum dated November 24, 2003, the VA announced that MHC had been awarded the Contract.

10. Beginning on December 4, 2003, D.B.I. Waste Systems, Inc. (hereinafter "DBI") filed a bid protest with the General Accounting Office pursuant to 4 C.F.R. §21.0 et seq.

11. DBI claimed that MHC's bid was non-responsive and deficient and, as such, should not have been awarded. MHC's offer was the lowest of the bids and DBI's offer was the second lowest.

12. The GAO reviewed the protest and issued its decision on December 10, 2003.

13. The GAO dismissed the bid protest filed by DBI and stated that the bid protest did not establish a basis for challenging the agency's action.

14. DBI then filed a Reconsideration of Dismissal of Bid Protest of that decision on or about December 20, 2003.

15. After careful consideration, the appeal was also denied by the GAO.

16. Following the decisions by the GAO on its bid protests, DBI filed its claim in the United States Court of Federal Claims on or about April 22, 2004.

17. On or about October 28, 2004, DBI and the VA settled the action filed in the United States Court of Federal Claims.

18. The award of the contract pending the bid protest and appeal period was stayed pursuant to 31 U.S.C. §3553(c)(1).

19. To date, MHC has not been allowed to provide waste disposal and removal services pursuant to the Contract despite the fact that the decision by the GAO dismissed the protest by DBI in December 2003.

20. The VA has failed and refused to provide any explanation as to why it has not allowed MHC to perform under the Contract which was awarded to MHC.

21. The VA has failed and refused to terminate the Contract awarded to MHC.

22. On or about October 4, 2006, MHC sent a demand to the VA for an agency response to its obligations arising under the Contract.

23. On or about October 4, 2006, MHC also demanded to be allowed to perform pursuant to the Contract.

24. On or about November 30, 2006, the VA responded that it would require until January 4, 2007 to evaluate the claims asserted by MHC.

25. To date, the VA has failed and refused to provide any explanation as to why it has not allowed MHC to perform under the Contract which was awarded to MHC.

26. The VA has failed and refused to terminate the Contract awarded to MHC.

27. To date, the VA has failed and refused to allow MHC to perform pursuant to the Contract.

28. MHC sustained bid preparation costs in preparing and submitting its bid on the Contract.

29. After being awarded the Contract, and in reasonable reliance upon the VA's written commitments to it under the Contract, MHC sustained substantial mobilization costs by expanding its hauling and manpower capacities, to ready itself for the imminent requirement that it conduct the waste disposal and removal services mandated under the Contract.

30. After being awarded the Contract, and in reasonable reliance upon the VA's written commitments to it under the Contract, MHC ceased to pursue, and enter into, alternative potentially lucrative business opportunities.

31. Since being awarded the Contract, MHC has been held in limbo by VA's refusal to allow MHC to remove and dispose of waste under the Contract, or to provide any explanation or clarification for the suspension of its rights under the Contract. MHC has maintained a standby readiness to perform the waste disposal services under the Contract.

32. On or about April 22, 2004, DBI commenced an action in the United States Court of Federal Claims, seeking an injunction prohibiting the VA from awarding the contract to MHC and disallowing MHC to perform.

33. On or about October 28, 2004 the Court of Claims dismissed the said lawsuit pursuant to a joint motion to dismiss filed by DBI and the VA, over the express objection of MHC. (October 28, 2004 Order in Case No. 04-00713.) Id. The said motion to dismiss was expressly pursuant to an alleged settlement between DBI and the VA.

34. Although it had been permitted to intervene in the lawsuit, MHC was not privy to the alleged settlement between DBI and the VA; and the said alleged

settlement has never been disclosed to MHC, despite its attorneys' requests for disclosure.

35. In its Order dismissing the said Court of Claims lawsuit over MHC's objection and pursuant to DBI's and the VA's request, the Court of Claims stated, "The dispute is framed as a challenge by plaintiff [DBI] to the award to Mass. Hauling [MHC]. <u>As the facts currently stand, the award to Mass. Hauling is still in place</u>." (October 28, 2004 Order in Case No. 04-00713 (emphasis added.)

36. Additionally in the Order of October 28, 2004, the Court held, "Whatever rights [MHC] has in the future . . . it may not force [the VA] to litigate the complaint currently pending." (October 28, 2004 Order in Case No. 04-00713.)

37. Subsequent to October 28, 2004, MHC itself and through its attorneys contacted the VA on numerous occasions, demanding permission for MHC to remove and dispose of waste under the Contract and demanding an explanation from the VA of MHC's rights under the Contract.

38. The VA never issued a proper termination of its Contract with MHC, and the award to Mass. Hauling should be still in place.

39. MHC made countless inquiries to the VA's Contract Administrator, Norbert Cebula, and others representing the VA, as to the status of MHC's contract during the years after the Contract was awarded to MHC and after DBI's bid protests.

40. Subsequent to the Court order of October 28, 2004, MHC's Vice President, Dan Murphy, was referred to a woman in the Federal government in

Washington D.C., who led MHC to believe that the result would be positive for MHC on the Contract at issue herein.

41. Throughout 2004 and 2005 MHC's lawyer, Russell Homsy, repeatedly called the VA's lawyers demanding a termination or the status of MHC's Contract. He was repeatedly told that people would look into the matter, but never received a proper termination or explanation of the status of MHC's contract.

42. On October 4, 2006 MHC filed written a claim with the Contracting officer for the VA, alleging that the VA was liable for damages in the amount of $244, 990 (calculated as its lost profit of $48,998 for each year of the contract). The VA has, to date, not properly responded to that Claim.

43. On or about November 30, 2006, the VA responded that it would require until January 4, 2007 to evaluate MHC's written claim filed on October 4, 2006 with the Contracting Officer for the VA. As of the date of filing this suit, no response was received.

44. Plaintiff's counsel received a copy of a purported letter from Felicia Morales, a Contracting Officer of the VA, dated August 20, 2007, addressed to MHC and "memorialize[ing]" that the Contract was terminated for convenience "effective September 27, 2004" and that "the VA settled this dispute and awarded the contract to the incumbent." MHC denies ever having received the letter. This letter was given over to Plaintiff's counsel after this lawsuit began.

COUNT I
BREACH OF CONTRACT

45. The Plaintiff reincorporates each and every preceding paragraph as if specifically set forth herein.

46. The VA invited bids for a Firm Fixed Price Requirements contract under Solicitation No. IFB523-120-03 for the provision of all labor, materials, tools, transport, travel, equipment and supervision to conduct waste disposal and removal from the VA facilities located in Jamaica Plain, West Roxbury and Brockton, Massachusetts.

47. The terms of the solicitation were for an initial period of October 1, 2003 through September 30, 2004 with the four years immediately following the base period as option years.

48. The Solicitation for contracts for waste removal called for base and option year prices to be inserted in the schedule for one, two or all three of the facilities of the VA Boston Healthcare System. MHC submitted offers on the West Roxbury and Jamaica Plain sites and was awarded the contract for the Jamaica Plain site.

49. MHC offered a price of $146,994.00 for each of the five years of the Contract for the Jamaica Plain site.

50. The total amount of MHC's bid for the five year period amounted to $734,970.00.

51. By Memorandum dated November 24, 2003, the VA announced that MHC had been awarded the Contract.

52. Beginning on December 4, 2003, DBI filed a bid protest with the General Accounting Office pursuant to 4 C.F.R. §21.0 et seq.

53. DBI claimed that MHC's bid was non-responsive and deficient and, as such, should not have been awarded. MHC's offer was the lowest of the bids and DBI's offer was the second lowest.

54. The GAO reviewed the protest and issued its decision on December 10, 2003.

55. The GAO dismissed the bid protest filed by DBI and stated that the bid protest did not establish a basis for challenging the agency's action.

56. DBI then filed a Reconsideration of Dismissal of Bid Protest of that decision on or about December 20, 2003.

57. After careful consideration, the appeal was also denied by the GAO.

58. Following the decisions by the GAO on its bid protests, DBI filed its claim in the United States Court of Federal Claims on or about April 22, 2004.

59. On or about October 28, 2004, DBI and the VA settled the action filed in the United States Court of Federal Claims.

60. The award of the contract pending the bid protest and appeal period was stayed pursuant to 31 U.S.C. §3553(c)(1).

61. Once DBI's bid protest action was completed, MHC should have been allowed to perform under the Contract.

62. On information and belief, the VA continues to use DBI as the provider for waste disposal and removal services.

63. On or about October 4, 2006, MHC sent a demand to the VA for its obligations under the award of the Contract.

64. On or about October 4, 2006, MHC also demanded to be allowed to perform pursuant to the Contract.

65. On or about November 30, 2006, the VA responded that it would require until January 4, 2007 to evaluate the claims asserted by MHC.

66. The VA has failed and refused to provide any explanation as to why it has not allowed MHC to perform under the Contract which was awarded to MHC.

67. The VA has failed and refused to terminate the Contract awarded to MHC.

68. To date, the VA has failed and refused to allow MHC to perform pursuant to the Contract.

69. MHC has been harmed by the actions of the VA.

COUNT II
WRONGFUL SUSPENSION OF CONTRACT

70. The Plaintiff reincorporates each and every preceding paragraph as if specifically set forth herein.

71. The VA invited bids for a Firm Fixed Price Requirements contract under Solicitation No. IFB523-120-03 for the provision of all labor, materials, tools, transport, travel, equipment and supervision to conduct waste disposal and removal from the VA facilities located in Jamaica Plain, West Roxbury and Brockton, Massachusetts.

72. The terms of the solicitation were for an initial period of October 1, 2003 through September 30, 2004 with the four years immediately following the base period as option years.

73. The Solicitation for contracts for waste removal called for base and option year prices to be inserted in the schedule for one, two or all three of the facilities of the VA Boston Healthcare System. MHC submitted offers on the West Roxbury and Jamaica Plain sites and was awarded the contract for the Jamaica Plain site.

74. MHC offered a price of $146,994.00 for each of the five years of the Contract for the Jamaica Plain site.

75. The total amount of MHC's bid for the five year period amounted to $734,970.00.

76. By Memorandum dated November 24, 2003, the VA announced that MHC had been awarded the Contract.

77. Beginning on December 4, 2003, DBI filed a bid protest with the General Accounting Office pursuant to 4 C.F.R. §21.0 et seq.

78. DBI claimed that MHC's bid was non-responsive and deficient and, as such, should not have been awarded. MHC's offer was the lowest of the bids and DBI's offer was the second lowest.

79. The GAO reviewed the protest and issued its decision on December 10, 2003.

80. The GAO dismissed the bid protest filed by DBI and stated that the bid protest did not establish a basis for challenging the agency's action.

81. DBI then filed a Reconsideration of Dismissal of Bid Protest of that decision on or about December 20, 2003.

82. After careful consideration, the appeal was also denied by the GAO.

83. Following the decisions by the GAO on its bid protests, DBI filed its claim in the United States Court of Federal Claims on or about April 22, 2004.

84. The award of the contract pending the bid protest and appeal period was stayed pursuant to 31 U.S.C. §3553(c)(1).

85. On or about October 28, 2004, DBI and the VA settled the action filed in the United States Court of Federal Claims.

86. On information and belief, the VA continues to use DBI as the provider for waste disposal and removal services.

87. Once DBI's bid protest action was completed, MHC should have been allowed to perform under the Contract.

88. On or about October 4, 2006, MHC sent a demand to the VA for its obligations under the award of the Contract.

89. On or about October 4, 2006, MHC also demanded to be allowed to perform pursuant to the Contract.

90. On or about November 30, 2006, the VA responded that it would require until January 4, 2007 to evaluate the claims asserted by MHC.

91. To date, MHC has not received any response from the VA regarding its obligations under the Contract.

92. To date, the VA has failed and refused to terminate the Contract for convenience.

93. To date, the VA has failed and refused to allow MHC to perform pursuant to the Contract.

94. The VA has failed and refused to provide any explanation as to why it has not allowed MHC to perform under the Contract which was awarded to MHC.

95. The VA has wrongfully suspended the performance under the Contract awarded to MHC.

96. MHC has been harmed by the wrongful suspension of the Contract.

## COUNT III
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

97. The Plaintiff reincorporates each and every preceding paragraph as if specifically set forth herein.

98. The VA invited bids for a Firm Fixed Price Requirements contract under Solicitation No. IFB523-120-03 for the provision of all labor, materials, tools, transport, travel, equipment and supervision to conduct waste disposal and removal from the VA facilities located in Jamaica Plain, West Roxbury and Brockton, Massachusetts.

99. The terms of the solicitation were for an initial period of October 1, 2003 through September 30, 2004 with the four years immediately following the base period as option years.

100. The Solicitation for contracts for waste removal called for base and option year prices to be inserted in the schedule for one, two or all three of the facilities of the VA Boston Healthcare System. MHC submitted offers on the West Roxbury and Jamaica Plain sites and was awarded the contract for the Jamaica Plain site.

101. MHC offered a price of $146,994.00 for each of the five years of the Contract for the Jamaica Plain site.

102. The total amount of MHC's bid for the five year period amounted to $734,970.00.

103. By Memorandum dated November 24, 2003, the VA announced that MHC had been awarded the Contract.

104. Once DBI's bid protest action was completed, MHC should have been allowed to perform under the Contract.

105. On or about October 4, 2006, MHC sent a demand to the VA for its obligations under the award of the Contract.

106. On or about October 4, 2006, MHC also demanded to be allowed to perform pursuant to the Contract.

107. On or about November 30, 2006, the VA responded that it would require until January 4, 2007 to evaluate the claims asserted by MHC.

108. To date, MHC has not received any response from the VA regarding its obligations under the Contract.

109. To date, the VA has failed and refused to terminate the Contract for convenience.

110. To date, the VA has failed and refused to allow MHC to perform pursuant to the Contract.

111. The VA has failed and refused to provide any explanation as to why it has not allowed MHC to perform under the Contract which was awarded to MHC.

112. The VA owed a duty to MHC to cooperate in allowing MHC to perform under the Contract.

113. MHC was ready, willing and able to perform under the Contract at all times relevant hereto.

114. The VA breached its duty by failing and refusing to allow MHC to perform under the Contract awarded to MHC.

115. By reason on the VA's breach of its duty to cooperate, MHC has been harmed.

COUNT IV
ARBITRARY AND CAPRICIOUS (BAD FAITH) SUSPENSION OF CONTRACT

116. The Plaintiff reincorporates each and every preceding paragraph as if specifically set forth herein.

117. The VA invited bids for a Firm Fixed Price Requirements contract under Solicitation No. IFB523-120-03 for the provision of all labor, materials, tools, transport, travel, equipment and supervision to conduct waste disposal and removal from the VA facilities located in Jamaica Plain, West Roxbury and Brockton, Massachusetts.

118. The terms of the solicitation were for an initial period of October 1, 2003 through September 30, 2004 with the four years immediately following the base period as option years.

119. The Solicitation for contracts for waste removal called for base and option year prices to be inserted in the schedule for one, two or all three of the facilities of the VA Boston Healthcare System. MHC submitted offers on the West

Roxbury and Jamaica Plain sites and was awarded the contract for the Jamaica Plain site.

120. MHC offered a price of $146,994.00 for each of the five years of the Contract for the Jamaica Plain site.

121. The total amount of MHC's bid for the five year period amounted to $734,970.00.

122. By Memorandum dated November 24, 2003, the VA announced that MHC had been awarded the Contract.

123. Beginning on December 4, 2003, D.B.I. Waste Systems, Inc. (hereinafter "DBI") filed a bid protest with the General Accounting Office pursuant to 4 C.F.R. §21.0 et seq.

124. DBI claimed that MHC's bid was non-responsive and deficient and, as such, should not have been awarded. MHC's offer was the lowest of the bids and DBI's offer was the second lowest.

125. The GAO reviewed the protest and issued its decision on December 10, 2003.

126. The GAO dismissed the bid protest filed by DBI and stated that the protest did not establish a basis for challenging the agency's action.

127. DBI then filed a Reconsideration of Dismissal of Bid Protest of that decision on or about December 20, 2003.

128. After careful consideration, the appeal was also denied by the GAO.

129. Following the decisions by the GAO on its bid protests, DBI filed its claim in the United States Court of Federal Claims on or about April 22, 2004.

130. The award of the contract pending the bid protest and appeal period was stayed pursuant to 31 U.S.C. §3553(c)(1).

131. On or about October 28, 2004, DBI and the VA settled the action filed in the United States Court of Federal Claims.

132. On information and belief, the VA continues to use DBI as the provider for waste disposal and removal services.

133. Once DBI's bid protest action was completed, MHC should have been allowed to perform under the Contract.

134. On or about October 4, 2006, MHC sent a demand to the VA for its obligations under the award of the Contract.

135. On or about October 4, 2006, MHC also demanded to be allowed to perform pursuant to the Contract.

136. On or about November 30, 2006, the VA responded that it would require until January 4, 2007 to evaluate the claims asserted by MHC.

137. To date, MHC has not received any response from the VA regarding its obligations under the Contract.

138. To date, the VA has failed and refused to terminate the Contract for convenience.

139. To date, MHC has not been allowed to perform under the Contract.

140. The VA has failed and refused to provide any explanation as to why it has not allowed MHC to perform under the Contract which was awarded to MHC after an open and competitive solicitation.

141. The VA has wrongfully suspended the performance under the Contract awarded to MHC, in bad faith, without a reasonable basis, by a contracting officer acting outside the contracting officer's discretion, and in violation of statutes or regulations.

142. The wrongful suspension of the Contract awarded to MHC is an arbitrary and capricious decision made by the VA.

143. MHC has been harmed by the wrongful suspension of the Contract.

## COUNT V
## MISREPRESENTATION AND DECEIT

144. The Plaintiff reincorporates each and every preceding paragraph as if specifically set forth herein.

145. The VA invited bids for a Firm Fixed Price Requirements contract under Solicitation No. IFB523-120-03 for the provision of all labor, materials, tools, transport, travel, equipment and supervision to conduct waste disposal and removal from the VA facilities located in Jamaica Plain, West Roxbury and Brockton, Massachusetts.

146. The terms of the solicitation were for an initial period of October 1, 2003 through September 30, 2004 with the four years immediately following the base period as option years.

147. The Solicitation for contracts for waste removal called for base and option year prices to be inserted in the schedule for one, two or all three of the facilities of the VA Boston Healthcare System. MHC submitted offers on the West

Roxbury and Jamaica Plain sites and was awarded the contract for the Jamaica Plain site.

148. MHC offered a price of $146,994.00 for each of the five years of the Contract for the Jamaica Plain site.

149. The total amount of MHC's bid for the five year period amounted to $734,970.00.

150. By Memorandum dated November 24, 2003, the VA announced that MHC had been awarded the Contract.

151. Beginning on December 4, 2003, D.B.I. Waste Systems, Inc. (hereinafter "DBI") filed a bid protest with the General Accounting Office pursuant to 4 C.F.R. §21.0 et seq.

152. DBI claimed that MHC's bid was non-responsive and deficient and, as such, should not have been awarded. MHC's offer was the lowest of the bids and DBI's offer was the second lowest.

153. The GAO reviewed the protest and issued its decision on December 10, 2003.

154. The GAO dismissed the bid protest filed by DBI and stated that the protest did not establish a basis for challenging the agency's action.

155. DBI then filed a Reconsideration of Dismissal of Bid Protest of that decision on or about December 20, 2003.

156. After careful consideration, the appeal was also denied by the GAO.

157. Following the decisions by the GAO on its bid protests, DBI filed its claim in the United States Court of Federal Claims on or about April 22, 2004.

158. The award of the contract pending the bid protest and appeal period was stayed pursuant to 31 U.S.C. §3553(c)(1).

159. On or about October 28, 2004, DBI and the VA settled the action filed in the United States Court of Federal Claims.

160. On information and belief, the VA continues to use DBI as the provider for waste disposal and removal services.

161. Once DBI's bid protest action was completed, MHC should have been allowed to perform under the Contract.

162. Subsequent to the Court order of October 28, 2004, MHC itself and through its attorneys contacted the VA on numerous occasions, demanding permission for MHC to remove and dispose of waste under the Contract and demanding an explanation from the VA of MHC's rights under the Contract.

163. Subsequent to the Court order of October 28, 2004, MHC's Vice President, Dan Murphy, was referred to a woman in the Federal government in Washington D.C., who led MHC to believe that the result would be positive for MHC on the Contract at issue herein.

164. Throughout 2004 and 2005 MHC's lawyer, Russell Homsy, repeatedly called the VA's lawyers demanding a termination or the status of MHC's Contract. While he was repeatedly told that people would look into the matter, and while he expected a termination, he never received a proper termination or explanation of the status of MHC's contract.

165. On or about October 4, 2006, MHC sent a demand to the VA for its obligations under the award of the Contract.

166. On or about October 4, 2006, MHC also demanded to be allowed to perform pursuant to the Contract.

167. On or about November 30, 2006, the VA responded that it would require until January 4, 2007 to evaluate the claims asserted by MHC.

168. To date, MHC has not received any response from the VA regarding its obligations under the Contract.

169. To date, the VA has failed and refused to terminate the Contract for convenience.

170. To date, MHC has not been allowed to perform under the Contract.

171. Despite its knowledge of a determination, arrangement or agreement to the contrary, the VA and its agents led MHC to believe that the VA still might instruct MHC to perform under the Contract, or that there was an open question for the VA whether it would recognize MHC's rights under the Contract.

172. In its reliance on the VA's grant of the Contract to MHC, and on the VA's statements and actions indicating that the VA might not still seek MHC's performance of the Contract, MHC has been harmed and has suffered damages.

173. The VA's misleading or false representations to MHC at the time of and after the award of the Contract to MHC, and after the wrongful suspension of the Contract, as well as its actions and omissions in failing to properly issue a termination, constitutes misrepresentation and deceit.

174. MHC has been harmed by the VA's said misrepresentation and deceit.

## COUNT VI
## DECLARATORY RELIEF

175. The Plaintiff reincorporates each and every preceding paragraph as if specifically set forth herein.

176. The VA invited bids for a Firm Fixed Price Requirements contract under Solicitation No. IFB523-120-03 for the provision of all labor, materials, tools, transport, travel, equipment and supervision to conduct waste disposal and removal from the VA facilities located in Jamaica Plain, West Roxbury and Brockton, Massachusetts.

177. The terms of the solicitation were for an initial period of October 1, 2003 through September 30, 2004 with the four years immediately following the base period as option years.

178. The Solicitation for contracts for waste removal called for base and option year prices to be inserted in the schedule for one, two or all three of the facilities of the VA Boston Healthcare System. MHC submitted offers on the West Roxbury and Jamaica Plain sites and was awarded the contract for the Jamaica Plain site.

179. MHC offered a price of $146,994.00 for each of the five years of the Contract for the Jamaica Plain site.

180. The total amount of MHC's bid for the five year period amounted to $734,970.00.

181. By Memorandum dated November 24, 2003, the VA announced that MHC had been awarded the Contract.

182. To date, MHC has not been allowed to provide waste disposal and removal services pursuant to the Contract despite the fact that the decision by the GAO dismissed the protest by DBI in December 2003.

183. The VA has failed and refused to provide any explanation as to why it has not allowed MHC to perform under the Contract which was awarded to MHC.

184. The VA has failed and refused to terminate the Contract awarded to MHC.

185. On or about October 4, 2006, MHC demanded to be allowed to perform pursuant to the Contract.

186. To date, the VA has failed and refused to allow MHC to perform pursuant to the Contract.

187. MHC has been harmed by the actions of the VA.

188. MHC seeks a declaration judgment by this Court interpreting MHC's exclusive rights under the Contract, that it has been rightfully awarded the Contract, that the actions of the VA have been arbitrary and capricious and that, as a result of the actions of the VA, MHC has been harmed will be in the best interest of MHC, the Government and the public at large regarding the overriding public interest in the integrity of the procurement process.

WHEREFORE, the Plaintiff demands judgment against the Defendant as follows:

a. for all lost profits over the entire length of the contract in the amount of $244,990.00;
b. for its bid preparation costs, in the amount of $3,000.00;
c. for its start-up and initial preparatory costs, in the amount of $25,200.00;
d. for its standby-readiness costs, in the amount of $12,600.00;
e. for its settlement costs (including the above damages and legal fees, accruing), in the amount of $312,425.00;
f. interest;
g. costs;
h. attorney fees;
i. a declaration that Mass Hauling Corporation has been lawfully awarded the contract for the provision of all labor, materials, tools, transport, travel, equipment and supervision to conduct waste disposal and removal from the VA facilities located at 150 South Huntington Avenue, Boston, Massachusetts; and
j. such other relief as the Court may deem just and proper.

The Plaintiff
**MASS HAULING CORPORATION,**
**By its attorney**

**s/Carlo Cellai**______________ Dated: April 18, 2008

Carlo Cellai, Esq.
CELLAI LAW OFFICES, P.C.
355 Congress Street, Suite 2B
Boston, MA 02110
Telephone: (617) 367-2199
Facsimile: (617) 367-2075

CERTIFICATE OF FILING

I certify that on this date a copy of Plaintiff's FIRST AMENDED COMPLAINT was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the court's electronic filing system. Parties may access this filing through the Court's system.

DATED: April 18, 2008

s/Carlo Cellai_____